UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN CARRY, INC.,
DAVID BERNSON and
FRANK HANNAN ROCK,

      Plaintiffs,

      v.                                  Case No. 10-C-0009

JAMES DOYLE, in his official
Capacity as Governor of the
State of Wisconsin, CITY OF MILWAUKEE,
CITY OF RACINE, KURT KEZESKE,
SGT. NETHERY and R. PRINCE,

      Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANTS CITY OF MILWAUKEE
## AND KURT KEZESKE

NOW COME defendants City of Milwaukee and Kurt Kezeske, by their attorney, Grant F. Langley, City Attorney, by Assistant City Attorney Miriam R. Horwitz, and as and for an answer to plaintiffs' complaint, admit, deny, allege and state to the court as follows:

1. Answering paragraph 1, deny that the answering defendants violated any of the plaintiffs' constitutional rights; assert that the statements contained in paragraph 1 call for legal conclusions, to which these answering defendants need not respond further.

2. Answering paragraph 2, allege upon information and belief that plaintiff David Bernson lacks standing to seek a declaration that Wisconsin's Gun Free School Zone Act is unconstitutional; assert that the statements contained in paragraph 2 call for legal conclusions, to which these answering defendants need not respond further.

3. Answering paragraph 3, assert that the statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

4. Answering paragraph 4, deny that answering defendants City of Milwaukee and Kurt Kezeske are properly joined; assert that the statements contained in paragraph 4 call for legal conclusions, to which these answering defendants need not respond further.

5. Answering paragraph 5, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

6. Answering paragraph 6, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

7. Answering paragraph 7, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

8. Answering paragraph 8, admit.

9. Answering paragraph 9, admit.

10. Answering paragraph 10, admit.

11. Answering paragraph 11, admit.

12. Answering paragraph 12, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

13. Answering paragraph 13, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

14. Answering paragraph 14, deny that plaintiff Bernson was arrested by the Milwaukee Police Department on May 14, 2008; lack information and knowledge necessary to form a belief as to whether said plaintiff was arrested by any other law enforcement agency on that date.

15. Answering paragraph 15, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

16. Answering paragraph 16, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

17. Answering paragraph 17, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

18. Answering paragraph 18, deny that defendant Officer Kezeske seized a handgun or other personal property on May 14, 2008; lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations as to other instances, if any, and therefore deny the same.

19. Answering paragraph 19, deny that defendant Officer Kezeske conducted a search on May 14, 2008; lack information and knowledge necessary to form a belief as to the

truth or falsity of the allegations as to other instances, if any, and therefore deny the same.

20. Answering paragraph 20, deny that defendant Officer Kezeske searched plaintiff Bernson's residence on May 14, 2008; lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein as to other instances, if any, and therefore deny the same.

21. Answering paragraph 21, deny that defendant Officer Kezeske searched plaintiff's automobile on May 14, 2008; lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein as to other instances, if any, and therefore deny the same.

22. Answering paragraph 22, deny that defendant Officer Kezeske searched plaintiff's automobile on May 14, 2008; lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein as to other instances, if any, and therefore deny the same.

23. Answering paragraph 23, deny that defendant Officer Kezeske transported plaintiff on May 14, 2008; lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein as to other instances, if any, and therefore deny the same.

24. Answering paragraph 24, admit that an individual named David C. Bernson filed a petition for return of property in Milwaukee County Circuit Court, Case No. 2009GF000160; deny that the petition for return of property pertained to Wisconsin's Gun Free School Zone Act; assert that the City of Milwaukee did not oppose the

4

petition and assert that the Court denied the petition based on its conclusion that petitioner Bernson had engaged in reckless and irresponsible conduct.

25. Answering paragraph 25, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

26. Answering paragraph 26, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

27. Answering paragraph 27, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

28. Answering paragraph 28, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

29. Answering paragraph 29, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

30. Answering paragraph 30, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

31. Answering paragraph 31, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

32. Answering paragraph 32, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

33. Answering paragraph 33, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

34. Answering paragraph 34, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

35. Answering paragraph 35, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

36. Answering paragraph 36, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

37. Answering paragraph 37, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

38. Answering paragraph 38, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

39. Answering paragraph 39, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

40. Answering paragraph 40, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

41. Answering paragraph 41, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

42. Answering paragraph 42, assert that the statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

43. Answering paragraph 43, assert that the statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

44. Answering paragraph 44, assert that the statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

45. Answering paragraph 45, as to any factual assertions, deny, specifically deny that answering defendant violated the plaintiff's constitutional rights; assert that the remaining statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

46. Answering paragraph 46, as to any factual assertions, deny, specifically deny that answering defendant violated the plaintiff's constitutional rights; assert that the remaining statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

47. Answering paragraph 47, as to any factual assertions deny, specifically deny that answering defendant violated the plaintiff's constitutional rights; assert that the remaining statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

48. Answering paragraph 48, as to any factual assertions deny, specifically deny that answering defendant violated the plaintiff's constitutional rights; assert that the remaining statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

49. Answering paragraph 49, as to any factual assertions deny, specifically deny that answering defendant violated the plaintiff's constitutional rights; assert that the remaining statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

50. Answering paragraph 50, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

51. Answering paragraph 51, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

52. Answering paragraph 52, deny that answering defendant City of Milwaukee retained plaintiff Hannan Rock's property or in any manner violated any of his constitutional rights.

53. Answering paragraph 53, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

54. Answering paragraph 54, deny that the Wisconsin Gun Free School Zone Act is unconstitutional; assert that the statements contained in paragraph 54 call for legal conclusions, to which these answering defendants need not respond further.

55. Answering paragraphs 55-62, deny that these answering defendants engaged in any wrongful conduct; deny that the Wisconsin Gun Free School Zone Act is unconstitutional on its face or as applied and deny that plaintiffs are entitled to any relief herein.

## AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES, Defendants City of Milwaukee and Kurt Kezeske allege and state to the court as follows:

1. The plaintiffs' complaint fails to state a claim upon which relief can be granted;

2. Any City of Milwaukee police officers or supervisors acted in good faith, without malice, and pursuant to their duties as law enforcement officers, and are therefore immune from liability to the plaintiffs, pursuant to the doctrine of qualified immunity;

3. The actions of any City of Milwaukee employees or agents were discretionary or quasi-judicial or quasi-legislative in nature, and are therefore immune from

liability, pursuant to Wis. Stat. § 893.80 and pursuant to common law doctrines of governmental immunities;

4. The amount of liability of the City of Milwaukee, if any, is limited pursuant to Wis. Stat. § 893.80;

5. Damages, if any, to the plaintiffs are the result of the acts of other third parties;

6. The plaintiffs failed to file the appropriate notice/claim document(s), and consistent with Wis. Stat. § 893.80, any state law claims are therefore barred; and

7. Plaintiff David Bernson lacks standing to sue the City of Milwaukee or City of Milwaukee police officers with respect to the Wisconsin Gun Free School Zone Act.

WHEREFORE, defendants City of Milwaukee and Kurt Kezeske demand judgment as follows:

1. Dismissing the complaint of the plaintiffs on its merits, together with costs and disbursements; and

2. For such other and further relief as the court may deem just and equitable.

## JURY DEMAND

Defendants City of Milwaukee and Kurt Kezeske demand a trial by jury of all issues so triable.

Dated and signed at Milwaukee, Wisconsin this 1st day of February, 2010.

GRANT F. LANGLEY
City Attorney


s/ MIRIAM R. HORWITZ
Assistant City Attorney
State Bar No. 01016150
Attorneys for Defendants
City of Milwaukee and Kurt Kezeske

P.O. ADDRESS:

800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601

1032-2010-80:154425