IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

WISCONSIN CARRY, INC.,
DAVID BERNSON,
FRANK HANNAN ROCK,
GREG PLAUTZ, and
JEFF LEIFER,

    Plaintiffs,

v.

CITY OF MILWAUKEE,
CITY OF RACINE,
CITY OF GREENFIELD,
CITY OF MANITOWOC,
MICHAEL NIESKES, in his official
capacity as District Attorney of Racine
County, Wisconsin,
KURT KEZESKE,
JESSIE METOYER, and
RICHARD PRINCE,

    Defendants.

CIVIL ACTION FILE NO.

2:10-CV-9-CNC

---

## AMENDED COMPLAINT

## I. INTRODUCTION

1. This is in action under 42 U.S.C. § 1983 for various violations of Plaintiffs' constitutional rights, and for a declaration that Wisconsin's Gun Free School Zone Act is unconstitutional on its face and as applied to Plaintiffs. Some Plaintiffs also seek damages against the individual defendants for their wrongful searches and seizures and against some of the municipal defendants for their wrongful deprivations of property.

## II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1343.

3. Venue is proper because some of the Defendants are located in this District and and in this Division, and some of the Plaintiffs reside in this District and in this Division.

4. Joinder of the Defendants is proper because the claims against them arise under the same series of transactions or occurrences and there are common questions of law and fact in the claims against them.

## III. PARTIES

5. Plaintiff Wisconsin Carry, Inc. ("WCI") is a non-profit corporation organized under the laws of the State of Wisconsin.

6. Plaintiff David Bernson is a citizen of the United States, a resident of the State of Arizona, and a member of WCI.

7. Plaintiff Frank Hannan Rock is a citizen of the United States, a resident of the State of Wisconsin, and a member of WCI.

8. Plaintiff Greg Plautz is a citizen of the United States, a resident of the State of Wisconsin, and a member of WCI.

9. Plaintiff Jeff Leifer is a citizen of the United States, a resident of the State of Wisconsin, and a member of WCI.

10. Defendant City of Milwaukee is a municipal corporation organized under the laws of the State of Wisconsin.

11. Defendant City Racine is a municipal corporation organized under the laws of the State of Wisconsin.

12. Defendant City of Greenfield is a municipal corporation organized under the laws of the State of Wisconsin.

13. Defendant City of Manitowoc is a municipal corporation organized under the laws of the State of Wisconsin.

14. Defendant Nieskes is the District Attorney of Racine County, Wisconsin.

15. Defendant Kezeske is an officer with the City of Milwaukee Police Department.
16. Defendant Metoyer is a sergeant with the City of Racine Police Department.
17. Defendant Metoyer was formerly known as Jessie Nethery.
18. Defendant Prince is an officer with the City of Racine Police Department.

## IV. **FACTUAL BACKGROUND**

19. On June 6, 2009, Kezeske arrested Bernson.
20. Kezeske did not have a warrant to arrest Bernson.
21. At the time of the arrest, Bernson was a resident of the State of Wisconsin.
22. The arrest took place within the home, or at least within the curtilage of Bernson's residence.
23. Contemporaneously with the arrest, the Kezeske seized a handgun and other personal property belonging to Bernson.
24. Such property was seized pursuant to a search that took place within Bernson's residence.
25. Kezeske did not have a warrant to search Bernson's residence.
26. Kezeske also searched Bernson's automobile.
27. Kezeske did not have a warrant to search Bernson's automobile.

–4–

28. Kezeske transported Bernson to the police department, but ultimately released him without charge.

29. Bernson later filed a petition requesting the return of his property.

30. Bernson's petition was denied, in part because Bernson allegedly had possessed the handgun at a gasoline station within 1,000 feet of a school in the City of Milwaukee.

31. On September 21, 2009 and September 23, 2009, respectively, Plaintiffs' counsel wrote the Milwaukee County District Attorney's office and the City of Milwaukee's legal department, requesting the return of Plaintiff's property.

32. The City of Milwaukee responded by recommending Bernson contact the District Attorney.

33. The District Attorney did not respond.

34. The City of Milwaukee continues to retain Bernson's property.

35. On September 9, 2009, Hannan Rock was on the front porch of his home in the City of Racine.

36. City of Racine police officers, including Defendants Metoyer and Prince, approached Hannan Rock and asked him his name.

37. Hannan Rock declined to provide his name, and Metoyer and Prince arrested Hannan Rock for obstructing the officers.

38. Metoyer and Prince also seized Hannan Rock's firearm.

39. Metoyer and Prince lacked probable cause to arrest Hannan Rock and to seize his firearm.

40. Metoyer and Prince arrested Hannan Rock and seized his property without a warrant.

41. Metoyer and Prince arrested Hannan Rock within the curtilage of his home.

42. Metoyer and Prince arrested Hannan Rock on private property.

43. Defendant Nieskes ultimately declined to prosecute Hannan Rock.

44. On October 13, 2009, Defendant Nieskes warned Hannan Rock in a letter that, because Hannan Rock lives within 1,000 feet of a school, officers will have probable cause to arrest Hannan Rock at his home whenever he has a firearm and refuses to identify himself to officers.

45. The City of Racine retained possession of Hannan Rock's firearm for several weeks before returning it.

46. In May 2009, Plaintiff Plautz planned to have an "open carry picnic" at his home at 2805 West Holmes Avenue in the City of Greenfield, Wisconsin.

47. An open carry event is one at which the sponsors of the event encourage attendees to carry firearms lawfully and un-concealed (i.e., openly).

48. On or about May 18, 2009, Greenfield chief of police Francis Springbob sent Plautz a letter.

49. The letter warned Plautz that "your property is barely 50 feet outside of a school zone. Any picnic attendee straying into the school zone while armed risks arrest and prosecution."

50. In the summer of 2009, Plaintiff Leifer planned a "Freedom Walk" as an open carry event for July 4, 2009.

51. In anticipation of the Freedom Walk, Leifer wrote City of Manitowoc Police Chief Tony Dick a letter to advise Dick of the planned event.

52. In response to Leifer's letter, Dick called Leifer and asked, among other things, the planned route of the Freedom Walk.

53. In a subsequent telephone call, Dick advised Leifer that the planned route started in a school zone, and that people in the Freedom Walk would be subject to arrest for possessing firearms in a school zone.

54. WCI's mission is to preserve, advance and expand the rights of its members to keep and bear arms.

55. Bernson, Hannan Rock, Plautz, Leifer and other members of WCI desire to exercise their state and federal constitutional rights to bear arms but are in fear of doing so because they live, work, and spend leisure time within 1,000 feet of schools.

56. Wisconsin's Gun Free School Zone Act covers such a broad area that it practically forecloses a meaningful right to keep and bear arms in large parts of the state.

57. On April 20, 2009, Milwaukee Police Chief Edward Flynn sent a training bulletin to the Milwaukee police officers.

58. The training bulletin reminded officers of the state law prohibiting carrying firearms in school zones.

59. The training bulleting included a map depicting the approximate locations of the school zones in the City of Mikwaukee.

60. The school zones depicted on the map cover the majority of the City of Milwaukee.

61. The individual Plaintiffs and other members of WCI desire to carry their firearms within the jurisdictions of the municipal Defendants, but they are in

fear of detention, harassment, and prosecution for carrying firearms within school zones.

**<u>Count 1 – Violations of Fourteenth Amendment</u>**

62. By arresting Bernson within his home, or within the curtilage of his home, without a warrant and without probable cause, Kezeske violated Bernson's 14th Amendment rights to be free from unreasonable searches and seizures.

63. By seizing Bernson's property from his home without a warrant, Kezeske violated Bernson's 14th Amendment right to be free from unreasonable searches and seizures.

64. By searching Bernson's home and automobile without a warrant, Kezeske violated Bernson's 14th Amendment right to be free from unreasonable searches and seizures.

65. By retaining Bernson's property without his being convicted of a crime, the City of Milwaukee has violated and continues to violate Bernson's 14th Amendment right to be free from unreasonable seizures and from deprivation of property without due process.

66. By refusing to return Bernson's property because he allegedly possessed a firearm at a gas station within 1,000 feet of a school, Milwaukee has applied

–9–

Case 2:10-cv-00009-CNC    Filed 02/17/10    Page 9 of 12    Document 18

the Wisconsin Gun Free School Zone Act against Bernson in an unconstitutionally overbroad fashion.

67. By arresting Hannan Rock within the curtilage of his home, without a warrant and without probable cause, Metoyer and Prince violated Hannan Rock's 14th Amendment right to be free from unreasonable searches and seizures.

68. By seizing Hannan Rock's property without probable cause, Metoyer and Prince violated Hannan Rock's 14th right to free from unreasonable searches and seizures.

69. By retaining Hannan Rock's property without probable cause, the City of Racine violated Hannan Rock's 14th Amendment right to be free from unreasonable searches and seizures and from deprivation of property without due process.

70. By threatening Hannan Rock with arrest for carrying a firearm at his own home because his home is located within 1,000 feet of a school, Nieskes has applied the Wisconsin Gun Free School Zone Act over broadly.

71. By threatening Plautz and his guests with arrest for carrying firearms near his home, Greenfield has infringed on Plautz' right to bear arms that predates the Constitution and that is guaranteed by the 14th Amendment.

72. By requiring Leifer to re-route his Freedom Walk to avoid carrying firearms in a school zone, Manitowoc has infringed on Leifer's right to bear arms that predates the Constitution and that is guaranteed by the 14th Amendment.

73. By enforcing a law that prohibits carrying a firearm within the majority of the City of Milwaukee, the City has infringed on Plaintiff's right to bear arms that predates the Constitution and that is guaranteed by the 14th Amendment.

74. By enforcing a law that prohibits carrying a firearm within 1,000 feet of a school, Defendants deprived Plaintiffs of a meaningful right to bear arms that predates the Constitution and that is guaranteed by the 14th Amendment.

**Prayer for Relief**

Plaintiffs demand the following relief:

75. Damages to Bernson and Hannan Rock for their wrongful arrests and searches and seizure of their property and for the wrongful retention of their property.

76. An order for Milwaukee to return Bernson's property or damages for the permanent deprivation of his property.

77. A declaration that the Wisconsin Gun Free School Zone Act is unconstitutional as applied to Bernson and Hannan Rock.

78. A declaration that the Wisconsin Gun Free School Zone Act unconstitutionally deprives Plaintiffs of a meaningful opportunity to bear arms and is unconstitutional on its face and as it applies to WCI's members.

79. An injunction prohibiting Defendants from denying Plaintiffs the right to carry firearms in their own homes.

80. An injunction prohibiting Defendants from enforcing the Wisconsin Gun Free School Zone Act to the extent the Act is unconstitutional.

81. Attorney's fees and costs for bringing and maintaining this action.

82. A jury to try to this case.

83. Any other relief the Court deems proper.

JOHN R. MONROE,

\_\_\_/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net

ATTORNEY FOR PLAINTIFFS