UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN CARRY, INC.,
DAVID BERNSON, FRANK HANNAN
ROCK, GREG PLAUTZ, and
JEFF LEIFER,

      Plaintiffs,

    v.                                                  Case No. 10C0009

CITY OF MILWAUKEE, CITY OF
GREENFIELD, CITY OF MANITOWOC,
MICHAEL NIESKES, in his official capacity
as District Attorney of Racine County,
Wisconsin, KURT KEZESKE, JESSIE
METOYER, and RICHARD PRINCE,

      Defendants.

---

### ANSWER OF DEFENDANTS CITY OF MILWAUKEE
### AND KURT KEZESKE TO AMENDED COMPLAINT

---

NOW COME defendants City of Milwaukee and Kurt Kezeske, by their attorney, Grant F. Langley, City Attorney, by Assistant City Attorney Miriam R. Horwitz, and as and for an answer to plaintiffs' amended complaint, admit, deny, allege and state to the court as follows:

1. Answering paragraph 1, deny that the answering defendants violated any of the plaintiffs' constitutional rights; assert that the statements contained in paragraph 1 call for legal conclusions, to which these answering defendants need not respond further.

2. Answering paragraph 2, assert that the statements contained in paragraph 2 call for legal conclusions, to which these answering defendants need not respond further.

3. Answering paragraph 3, assert that the statements contained therein call for legal conclusions, to which these answering defendants need not respond further.

4. Answering paragraph 4, assert that the statements contained therein call for legal conclusions, to which these answering defendants need for respond further; however, state that joinder of the City of Milwaukee and Kurt Kezeske to other defendants is not proper because the claims asserted against them do not involve common questions of law or fact.

5. Answering paragraph 5, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

6. Answering paragraph 6, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

7. Answering paragraph 7, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

8. Answering paragraph 8, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

9. Answering paragraph 9, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

10. Answering paragraph 10, admit.

11. Answering paragraph 11, admit.

12. Answering paragraph 12, admit.

13. Answering paragraph 13, admit.

14. Answering paragraph 14, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

15. Answering paragraph 15, admit.

16. Answering paragraph 16, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

17. Answering paragraph 17, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

18. Answering paragraph 18, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

19. Answering paragraph 19, admit.

20. Answering paragraph 20, state that defendant Kezeske had probable cause to arrest Bernson.

21. Answering paragraph 21, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

22. Answering paragraph 22, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

23. Answering paragraph 23, admit.

24. Answering paragraph 24, admit that the property was voluntarily turned over to defendant Kezeske or at Bernson's specific direction; deny that defendant Kezeske conducted a search of the residence.

25. Answering paragraph 25, admit that defendant Kezeske did not have a warrant, but state that he had specific permission from Bernson to obtain property from Bernson's residence; deny that defendant Kezeske conducted a search.

26. Answering paragraph 26, admit that defendant Kezeske searched Bernson's automobile, but affirmatively state that Bernson granted permission and consent.

27. Answering paragraph 27, admit that defendant Kezeske did not have a warrant to search Bernson's automobile, but affirmatively state that Bernson granted Kezeske permission and consent to conduct a search.

28. Answering paragraph 28, admit that defendant Kezeske transported plaintiff to the Police Department; admit that Bernson was released from custody; affirmatively state that decisions relative to charging or not charging a criminal offense are within the purview of the District Attorney's Office; further state, upon information and belief, that plaintiff Bernson received a citation from the Department of Natural Resources relative to improperly transporting a firearm.

29. Answering paragraph 29, admit.

4

30. Answering paragraph 30, deny that answering defendants denied Bernson's petition; rather, assert that neither the City of Milwaukee nor Officer Kurt Kezeske objected to the return of Bernson's property; assert that Bernson was never arrested for nor charged with possession of a handgun within 1000 feet of a school in the City of Milwaukee; assert that the Milwaukee County Circuit Court judge denied Bernson's petition and stated her reasons on the record in that proceeding.

31. Answering paragraph 31, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

32. Answering paragraph 32, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

33. Answering paragraph 33, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

34. Answering paragraph 34, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

35. Answering paragraph 35, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

36. Answering paragraph 36, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

37. Answering paragraph 37, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

38. Answering paragraph 38, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

39. Answering paragraph 39, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

40. Answering paragraph 40, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

41. Answering paragraph 41, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

42. Answering paragraph 42, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

43. Answering paragraph 43, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

44. Answering paragraph 44, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

45. Answering paragraph 45, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

46. Answering paragraph 46, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

47. Answering paragraph 47, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

48. Answering paragraph 48, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

49. Answering paragraph 49, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

50. Answering paragraph 50, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

51. Answering paragraph 51, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

52. Answering paragraph 52, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

53. Answering paragraph 53, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

54. Answering paragraph 54, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

55. Answering paragraph 55, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

56. Answering paragraph 56, deny.

57. Answering paragraph 57, deny that Milwaukee Police Chief Edward Flynn sent a training bulletin to Milwaukee police officers on April 20, 2009; state that Chief of Police Edward A. Flynn generated training bulletins on April 24, 2009 and April 30, 2009 concerning open carrying of firearms.

58. Answering paragraph 58, admit that training bulletins contained a reference to Wisconsin Statutes 948.605, among other statutes.

59. Answering paragraph 59, admit that the training bulletin dated April 30, 2009 attached school zone maps and state that the maps were referenced to assist officers in determining what areas of the City are off limits to firearms; however, officers were advised not to rely solely upon the maps for making a determination of whether a person is in violation of Wisconsin Statute 948.605.

60. Answering paragraph 60, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

61. Answering paragraph 61, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

62. Answering paragraph 62, deny.

63. Answering paragraph 63, deny.

64. Answering paragraph 64, deny.

65. Answering paragraph 65, deny.

66. Answering paragraph 66, deny.

67. Answering paragraph 67, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

68. Answering paragraph 68, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

69. Answering paragraph 69, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

70. Answering paragraph 70, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

71. Answering paragraph 71, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

72. Answering paragraph 72, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

73. Answering paragraph 73, deny.

74. Answering paragraph 74, deny.

75. Answering paragraph 75, deny that plaintiff Bernson has been damaged or is entitled to any damages from these answering defendants.

76. Answering paragraph 76, deny that plaintiff Bernson is entitled to an order for any relief in this action.

77. Answering paragraph 77, deny that the Wisconsin Gun Free School Zone Act is unconstitutional as applied to Bernson; lack information and knowledge necessary to form a belief as to the remaining allegations, and therefore deny the same.

78. Answering paragraph 78, deny that the Wisconsin Gun Free School Zone Act is unconstitutional on its face or as applied to WCI's members.

79. Answering paragraph 79, deny that plaintiffs are entitled to injunctive relief.

80. Answering paragraph 80, deny that plaintiffs are entitled to any injunctive relief or to any order declaring the Wisconsin Gun Free School Zone Act to be unconstitutional.

81. Answering paragraph 81, deny that plaintiffs are entitled to attorney's fees or costs.

82. Answering paragraph 82, admit that plaintiffs are requesting a jury to try the case.

83. Answering paragraph 83, deny that the plaintiffs are entitled to any relief from the court whatsoever.

## AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES, defendants City of Milwaukee and Kurt Kezeske allege and state to the court as follows:

1. The plaintiffs' complaint fails to state a claim upon which relief can be granted;

2. Any City of Milwaukee police officers or supervisors acted in good faith, without malice, and pursuant to their duties as law enforcement officers, and are therefore immune from liability to the plaintiffs;

3. Any City of Milwaukee police officers involved herein, including defendant Kurt Kezeske, are entitled to qualified immunity;

4. The actions of any City of Milwaukee employees or agents were discretionary or quasi-judicial or quasi-legislative in nature, and are therefore immune from liability, pursuant to Wis. Stat. § 893.80 and pursuant to common law doctrines of governmental immunities;

5. The amount of liability of the City of Milwaukee, if any, is limited pursuant to Wis. Stat. § 893.80;

6. Damages, if any, to the plaintiffs are the result of the acts of other third parties;

7. The plaintiffs failed to file the appropriate notice/claim document(s), and consistent with Wis. Stat. § 893.80, any state law claims are therefore barred; and

8. Plaintiff David Bernson lacks standing to sue the City of Milwaukee or City of Milwaukee police officers with respect to the Wisconsin Gun Free School Zone Act.

WHEREFORE, defendants City of Milwaukee and Kurt Kezeske demand judgment as follows:

1. Dismissing the complaint of the plaintiffs on its merits, together with costs and disbursements; and

2. For such other and further relief as the court may deem just and equitable.

### JURY DEMAND

Defendants City of Milwaukee and Kurt Kezeske demand a trial by jury of all issues so triable.

Dated and signed at Milwaukee, Wisconsin this 23rd day of March, 2010.

          GRANT F. LANGLEY
          City Attorney


          s/ MIRIAM R. HORWITZ
          Assistant City Attorney
          State Bar No. 01016150
          Attorneys for Defendants
          City of Milwaukee and Kurt Kezeske

P.O. ADDRESS:

800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601

1032-2010-80:156371