# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

WISCONSIN CARRY, INC,
DAVID BERNSON,
FRANK HANNAN ROCK,
GREG PLAUTZ, and
JEFF LEIFER

    Plaintiffs,                                                                 Case No. 10-C-009

v.

CITY OF MILWAUKEE, CITY OF RACINE
CITY OF GREENFIELD, CITY OF MANITOWOC,
MICHAEL NIESKES, KURT KEZESKE,
JESSIE METOYER, and
RICHARD PRINCE

    Defendants.

## ALTERNATIVE ANSWER AND AFFIRMATIVE DEFENSES OF
## CITY OF GREENFIELD TO PLAINTIFFS' AMENDED COMPLAINT

Now comes the Defendant City of Greenfield, by its attorneys, Crivello Carlson, S.C., and in the event that this court denies any or all of its pending motions to dismiss the various claims of the various Plaintiffs, hereby submits this Alternative Answer and Affirmative Defenses to the Amended Complaint of Plaintiffs:

### ALTERNATIVE ANSWER TO THE AMENDED COMPLAINT

### I. INTRODUCTION

1. Answering ¶ 1, deny the allegations contained therein, deny that Plaintiffs assertions are properly directed to this answering defendant, deny that this answering defendant

has "applied" any law or act to any of the plaintiffs herein, deny that this specific defendant has violated any of the Plaintiffs' constitutional or statutory rights, and deny that the plaintiffs have standing to, or properly state a claim for any declaration regarding any law directly against this answering defendant.

## II. JURISDICTION AND VENUE

2. Answering ¶ 2, admit that, as to Plaintiff Greg Plautz, this court would have jurisdiction based on the type of claims made, but repeat and incorporate the response set forth in paragraph 1 above, and again deny that said claims have any merit.

3. Answering ¶ 3, as to Plaintiff Greg Plautz' claims against the City of Greenfield, admit that venue is proper in the Eastern District of Wisconsin. Defendant denies knowledge as to whether venue is proper as to any claims by any other plaintiffs against any other defendants.

4. Answering ¶ 4, deny the allegations contained therein, and affirmatively state that, to the extent that Plaintiff's claims against this defendant survive motions to dismiss or motions for summary judgment, said claims must be considered separately and independently from those by other plaintiffs against other defendants. As this defendant has not actually applied or enforced any specific law or statute against any of these plaintiffs, any action or claim for a declaration relating to the constitutionality of any law or statute is not properly directed to this defendant and should be dismissed. Any attempt to have this defendant enjoined from enforcing any statute is premature and not ripe for adjudication, as no statute referred to has been shown to be unenforceable or unconstitutional.

## III. PARTIES

5-9. Answering ¶'s 5-9, denies knowledge or information sufficient to form a belief as to the allegations contained therein, and accordingly denies same.

2

10-13. Answering ¶'s 10-13, admits the allegations contained therein upon information and belief.

14-18. Answering ¶'s 14-18, denies knowledge or information sufficient to form a belief as to the allegations contained therein, and accordingly denies same.

## IV. FACTUAL BACKGROUND

19-45. Answering ¶'s 19-45, as the allegations are not directed in any way to this Defendant, this defendant denies knowledge or information sufficient to form a belief as to those allegations and accordingly denies same.

46. Answering ¶46, admits upon information and belief that Plaintiff Plautz, in May of 2009, apparently expressed an interest in conducting a picnic at a residence not owned by him, in the City of Greenfield, and further expressed an interest in inviting participants to come and openly carry firearms.

47. Answering ¶ 47, denies specific knowledge or information sufficient to form a belief as to the allegations contained therein and accordingly denies same and puts the Plaintiff Plautz to his proof thereon.

48. Answering ¶48, admits the allegations contained therein.

49. Answering ¶ 49, admits that the letter contained, in part, the language quoted by Plaintiff, but denies that this is a complete and accurate recitation of the content of the letter, and furthermore affirmatively asserts that such a letter does not infringe upon any of Plaintiffs rights as phrased, and furthermore, due to the passage of time and any possible occurrence of the May, 2009 event, plaintiffs' claims are moot and must be dismissed. Furthermore, affirmatively asserts that the allegation as phrased fails to state any type of claim upon which relief can be granted.

3

50-53. Answering ¶'s 50-53, as the allegations are not directed to this defendant in any way, this defendant denies knowledge or information sufficient to form a belief as to such allegations, and accordingly denies same.

54. Answering ¶ 54, denies knowledge or information sufficient to form a belief as to the allegations contained therein, and therefore denies same.

55. Answering ¶ 55, as the allegations are not directed in any way to this defendant, this defendant denies knowledge or information sufficient to form a belief as to the allegations and accordingly denies same.

56. Answering ¶ 56, denies the allegations contained therein.

57-60. Answering ¶'s 57-60, as the allegations are not directed to this defendant in any way, this defendant denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies same.

61. Answering ¶ 61, denies knowledge or information sufficient to form a belief as to the allegations contained therein, and accordingly denies same, and furthermore, asserts that the factual assertions contained therein fail to state a claim upon which relief can be granted and do not lead to claims that would be ripe for adjudication at this time.

### Count 1—Violations of Fourteenth Amendment

62-70. Answering ¶'s 62-70, as the allegations are not directed in any way to this defendant, this defendant denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies same.

71. Answering ¶ 71, denies the allegations contained therein, and furthermore states that any such claims are moot and no longer ripe for adjudication, have not been shown to have

resulted in damage of any kind to Plaintiff, do not support any claim for any relief at this time, and therefore must be dismissed.

72-73. Answering ¶'s 72-73, as the allegations are not directed in any way to this defendant, this defendant denies knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies same.

74. Answering ¶ 74, denies that this answering defendant "enforced" in any way any law, and accordingly denies that it deprived Plaintiff Plautz of any rights whatsoever, and furthermore denies that any action on the part of this defendant in sending a letter to Plaintiff Plautz deprived him of any rights or resulted in any damage to him, and any claims relating thereto are therefore moot and do not justify any relief.

### **Prayer for Relief**

Answering Plaintiffs' "Prayer for Relief", this defendant affirmatively states that none of the Plaintiffs in this matter outside of Plaintiff Plautz have made any prayer for relief as against this answering defendant, and therefore said "prayer" must be denied and dismissed; to the extent that any such Prayer might apply to Plaintiff Plautz and this answering defendant, denies that said Plaintiff is entitled to any relief.

75-83. Answering ¶'s 75-83, denies that any of the plaintiffs herein are entitled to any relief as stated and furthermore denies that any plaintiffs are entitled to any relief whatsoever against this defendant under the facts and circumstances as alleged in Plaintiffs' amended complaint.

# AFFIRMATIVE DEFENSES

As and for its separate and distinct affirmative defenses to the amended complaint, Defendant City of Greenfield sets forth the following:

a. Plaintiffs other than Plautz have not made any claims against the City of Greenfield, and therefore the Amended Complaint of all defendants other than Plaintiff Plautz must be dismissed;

b. All Plaintiffs have failed to state claims upon which relief can be granted as against the City of Greenfield at this time;

c. Any claims or assertions by Plaintiff Plautz are moot at this time, or not ripe for adjudication, and therefore must be dismissed;

d. That Plaintiff Plautz has failed to claim or allege, in any way, that he has been damaged, personally or otherwise, in any way by the City of Greenfield or is entitled to any relief under any theory as against the City of Greenfield at this time.

e. To the extent that Plaintiff Plautz can show any damages, Plaintiff may be shown to have failed to mitigate those damages;

f. This answering defendant is protected from suit by immunities including qualified and absolute immunity;

g. The plaintiffs may have failed to exhaust avenues for relief available in forums other than a United States Federal District Court;

h. This answering defendant is immune from suit under the doctrines of judicial, quasi-judicial, legislative and quasi-legislative immunity;

i. Some or all of the plaintiffs may lack standing to pursue some or all of the claims or requested relief;

j. Any of plaintiffs' claims for declaratory relief, to the extent that they might be applied to the City of Greenfield present no justiciable controversy and fail to meet the prerequisites of Wis. Stat. § 806.04(11) or 28 U.S.C § 2201-2202 as to the City of Greenfield;

k. Plaintiffs Wisconsin Carry Inc., David Bernson, Frank Hannan Rock, and Jeff Leifer have not asserted any claims or complaints against this defendant, and therefore their complaint must be dismissed and judgment on the pleadings granted pursuant to FRCP 12(c).

l. Plaintiffs' claims and amended complaint, including but not limited to those by Wisconsin Carry Inc., David Bernson, Frank Hannan Rock and Jeff Leifer fail to comply with the requirements of FRCP 11 (b) and entitle the City of Greenfield to sanctions under subsection (c) of FRCP 11, and this affirmative defense is asserted to specifically put all Plaintiffs on notice that, as required under FRCP 11 (c)(2), if the claims and amended complaint against the City of Greenfield are not withdrawn within 21 days after service of this document on Plaintiffs through their counsel, Defendant reserves the right to file and serve a formal motion requesting any and all sanctions, including attorneys' fees, available under FRCP 11 (c)(2), (3), and/or (4) if the court on its own initiative determines that such sanctions are proper.

m. To the extent plaintiff pursues state law claims, they are subject to the prerequisites, limitations and immunities contained in Wis. Stat. § 893.80.

**WHEREFORE,** Defendant City of Greenfield respectfully requests judgment as follows:

a. for a dismissal of the plaintiffs' amended complaint upon its merits;

b. at a minimum, dismissal of the amended complaint of Plaintiffs Wisconsin Carry, Inc., Bernson, Hannan Rock, and Leifer;

c. for the costs and disbursements of this action;

7

d.  for reasonable, actual attorneys fees pursuant to FRCP 11 and 42 U.S.C. § 1988; and

e.  for such other relief as this court deems just and equitable.

**DEFENDANT CITY OF GREENFIELD RESPECTFULLY REQUESTS A TRIAL BY JURY IN THIS MATTER**

Dated this 26TH day of April, 2010.

> BY: s/ William W. Ehrke
> WILLIAM W. EHRKE
> State Bar No.: 1015619
> Attorneys for Defendant City of Greenfield
> CRIVELLO CARLSON, S.C.
> 710 North Plankinton Avenue
> Milwaukee, Wisconsin 53203
> Telephone: 414-271-7722
> Fax: 414-271-4438
> E-mail: wehrke@crivellocarlson.com