IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN CARRY, INC., DAVID BERNSON,
FRANK HANNAN ROCK, GREG PLAUTZ, and
JEFF LEIFER,

      Plaintiffs,

     v.                                      Case No. 10-C-0009

CITY OF MILWAUKEE, CITY OF RACINE,
CITY OF GREENFIELD, CITY OF
MANITOWOC, MICHAEL NIESKES, in his
official capacity as District Attorney of Racine
County, Wisconsin, KURT KEZESKE, JESSIE
METOYER, and RICHARD PRINCE,

      Defendants.

---

ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT
BY DEFENDANT MICHAEL NIESKES

---

     Defendant Michael Nieskes ("Nieskes"), in his official capacity as District Attorney of Racine County, Wisconsin, by Wisconsin Attorney General J.B. Van Hollen and Assistant Attorney General Thomas C. Bellavia, as and for his Answer and Affirmative Defenses to the Amended Complaint filed in this matter by plaintiffs Wisconsin Carry, Inc. ("WCI"), David Bernson ("Bernson"), Frank Hannan Rock ("Hannan Rock"), Greg Plautz ("Plautz"), and Jeff Leifer ("Leifer"), hereby ADMITS, DENIES, and STATES as follows:

     1.     ADMITS that plaintiffs seek the relief described in paragraph 1 of the Amended Complaint on the grounds asserted therein. DENIES that any of the plaintiffs have stated any valid claim for relief against defendant Nieskes. With regard to all legal assertions, DENIES that any responsive pleading is required.

2. DENIES that paragraph 2 contains any factual allegations to which a responsive pleading is required. With regard to all legal assertions, DENIES that any responsive pleading is required.

3. In response to paragraph 3, ADMITS that venue is proper as to Nieskes. DENIES knowledge or information sufficient to form a belief as to whether venue is proper as to any other defendants.

4. DENIES any factual allegations in paragraph 4. With regard to all legal assertions, DENIES that any responsive pleading is required.

5. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore DENIES same.

6. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore DENIES same.

7. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore DENIES same.

8. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore DENIES same.

9. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore DENIES same.

10. ADMITS the allegations in paragraph 10.

11. ADMITS the allegations in paragraph 11.

12. ADMITS the allegations in paragraph 12.

13. ADMITS the allegations in paragraph 13.

14. ADMITS the allegation in paragraph 14.

15. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore DENIES same.

16. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore DENIES same.

17. On information and belief, ADMITS the allegation in paragraph 17.

18. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore DENIES same.

19. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

20. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

21. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

22. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

23. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

24. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

25. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

26. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

27. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

28. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

29. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

30. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

31. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

32. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

33. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

34. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

35. In response to paragraph 35, STATES that, on September 9, 2009, at approximately 6:35 p.m., Sergeant Jessie Metoyer ("Metoyer") and Officer Richard Prince ("Prince") of the Racine Police Department and two other officers of the Racine Police Department were dispatched to 405 Luedtke Avenue in Racine to investigate a report of a man who had allegedly been firing a handgun in the backyard at that address and who allegedly had been seen reloading the gun near the street. In the course of responding to that call, the police officers observed Hannan Rock and some other people on the front porch of the house at 417 Luedtke Avenue. The officers further observed that Hannan Rock was wearing a holster with a semi-automatic pistol in it.

36. In response to paragraph 36, STATES that the police officers approached the porch where Hannan Rock and the other people were located. Metoyer spoke with Hannan Rock

- 5 -
Case 2:10-cv-00009-CNC   Filed 05/10/10   Page 5 of 14   Document 34

about his gun and Hannan Rock advised that the gun was a loaded .45 caliber weapon and that it was his right to carry it. Metoyer suspected that Hannan Rock might be the person who was the subject of the dispatch call, so he asked Hannan Rock for identification.

37. In response to paragraph 37, STATES that Hannan Rock refused to provide the requested identification and advised Metoyer that he did not believe he was required to respond to that request. Metoyer advised Hannan Rock that he was required to provide the requested identification because the police were conducting an investigation. Hannan Rock continued to refuse to provide identification and he was placed under arrest for obstructing the police investigation by refusing to provide his identification.

38. In response to paragraph 38, STATES that after Hannan Rock was taken into custody, Metoyer began to escort him off the porch and to a police transport vehicle. When Metoyer and Hannan Rock reached the sidewalk, Hannan Rock stopped and advised Metoyer that, if he went any further, he would be subject to arrest for the felony of carrying a firearm within 1,000 feet of a church or school. Metoyer then took possession of Hannan Rock's gun and locked it up for safe keeping.

39. DENIES that paragraph 39 contains any factual allegations to which a responsive pleading is required. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. In the alternative, lacks knowledge or information sufficient to form a belief as to the truth of any factual allegations that may be contained in paragraph 39.

40. ADMITS the allegations in paragraph 40.

41. ADMITS the allegation in paragraph 41.

42. ADMITS the allegation in paragraph 42.

43. ADMITS the allegation in paragraph 43.

44. ADMITS that Nieskes sent Hannan Rock a letter dated October 13, 2009. In response to all allegations characterizing the contents of that letter, STATES that the letter speaks for itself. Further STATES that a true and correct copy of the letter of October 13, 2009, is attached and identified as Nieskes Answer Exhibit A.

45. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore DENIES same.

46. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

47. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

48. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

49. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

50. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

51. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

52. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

53. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

54. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore DENIES same.

55. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore DENIES same.

56. DENIES the allegations in paragraph 56.

57. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

58. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

59. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

60. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore DENIES same. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

61. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore DENIES same.

62. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 62, and therefore DENIES same. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

63. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 63, and therefore DENIES same. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

64. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 64, and therefore DENIES same. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

65. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 65, and therefore DENIES same. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

66. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 66, and therefore DENIES same. With regard to all legal

assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

67. In response to paragraph 67, ADMITS that Hannan Rock was arrested within the curtilage of his home and without a warrant, but DENIES knowledge or information sufficient to form a belief as to the truth of any other factual allegations in paragraph 67, and therefore DENIES same. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

68. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 68, and therefore DENIES same. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

69. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 69, and therefore DENIES same. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

70. In response to paragraph 70, DENIES that Nieskes has applied the Wisconsin Gun Free School Zone Act to Hannan Rock in an unconstitutional manner. In response to all allegations characterizing the contents of the October 13, 2009, letter from Nieskes to Hannan Rock, STATES that the letter speaks for itself. *See* Nieskes Answer Exhibit A.

71. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 71, and therefore DENIES same. With regard to all legal

assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

72. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 72, and therefore DENIES same. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

73. DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 73, and therefore DENIES same. With regard to all legal assertions and conclusions, DENIES that any responsive pleading is required. Further DENIES that any of the allegations in the paragraph are directed at defendant Nieskes.

74. DENIES the allegations in paragraph 74.

75. As to defendant Nieskes, DENIES that any plaintiff in this matter is entitled to the relief requested in paragraph 75.

76. As to defendant Nieskes, DENIES that any plaintiff in this matter is entitled to the relief requested in paragraph 76.

77. As to defendant Nieskes, DENIES that any plaintiff in this matter is entitled to the relief requested in paragraph 77.

78. As to defendant Nieskes, DENIES that any plaintiff in this matter is entitled to the relief requested in paragraph 78. Further DENIES that the Wisconsin Gun Free School Zone Act is unconstitutional on its face.

79. As to defendant Nieskes, DENIES that any plaintiff in this matter is entitled to the relief requested in paragraph 79.

80. As to defendant Nieskes, DENIES that any plaintiff in this matter is entitled to the relief requested in paragraph 80. Further DENIES that the Wisconsin Gun Free School Zone Act is unconstitutional in whole or in part.

81. As to defendant Nieskes, DENIES that any plaintiff in this matter is entitled to the relief requested in paragraph 81.

82. ADMITS that plaintiffs are requesting a jury.

83. DENIES that any plaintiff in this matter is entitled to any relief against defendant Nieskes.

## AFFIRMATIVE DEFENSES

1. The plaintiffs in this matter, including Hannan Rock, lack standing to sue defendant Nieskes.

2. The Amended Complaint fails to allege a case or controversy, within the meaning of Article III of the United States Constitution, between any of the plaintiffs and defendant Nieskes.

3. The Amended Complaint fails to allege a justiciable controversy as to defendant Nieskes and, therefore, fails to state a claim for declaratory relief against Nieskes under 28 U.S.C. § 2201 or Wis. Stat. § 806.04.

4. The Amended Complaint fails to allege any ongoing constitutional or statutory violation by defendant Nieskes as to which this Court's injunctive powers should be applied.

5. The Amended Complaint fails to state a claim upon which relief can be granted against defendant Nieskes.

6. The Amended Complaint, on its face, does not state any claim for monetary relief against defendant Nieskes. To the extent, if any, that the Amended Complaint may in the future

be construed as seeking monetary relief against Nieskes, all such claims are barred by the doctrines of qualified immunity, absolute immunity, and/or official immunity.

7. The Amended Complaint, on its face, does not state any claim for monetary relief against defendant Nieskes. To the extent, if any, that the Amended Complaint may in the future be construed as seeking such relief, defendant Nieskes reserves the defense of plaintiffs' failure to mitigate damages.

8. The Amended Complaint, on its face, does not state any state law claims against Nieskes. To the extent, if any, that the Amended Complaint may in the future be construed as asserting any such claim, all such claims are barred because the Amended Complaint does not allege compliance with the requirements of Wis. Stat. § 893.82, nor have the plaintiffs complied with those requirements.

9. The Amended Complaint, on its face, does not state any claim against defendant Nieskes by any plaintiff other than Hannan Rock.

WHEREFORE, defendant Nieskes respectfully prays that judgment be entered in his favor dismissing all claims against him on the merits and granting him his costs and such further relief as the Court deems appropriate.

Dated this 10th day of May 2010.

J.B. VAN HOLLEN
Attorney General

s/ Thomas C. Bellavia
THOMAS C. BELLAVIA
Assistant Attorney General
State Bar #1030182

Attorneys for Defendant Michael Nieskes

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
Tel: (608) 266-8690
Fax: (608) 267-2223
Email: bellaviatc@doj.state.wi.us

bellaviatc\cases\misc cases\wisconsin carry\pl\2010 05-10 answer draft.doc