

**MICHAEL E. NIESKES**
DISTRICT ATTORNEY

File.

Office of the District Attorney
Racine County Courthouse
730 Wisconsin Avenue
Racine, Wisconsin 53403-1274
General: (262) 636-3172
Victim/Witness: (262) 636-3858
V/W Facsimile: (262) 636-3465
Consumer Fraud: (262) 636-3125
Facsimile: (262) 636-3346

October 13, 2009

Frank Hannan-Rock
417 Luedtke Avenue
Racine, WI 53405

RE: City of Racine Police Department Case # 09-053202

Dear Sir:

The Racine County District Attorney's Office will not be filing charge regarding your arrest for obstructing/resisting on September 9, 2009.

Because of your refusal to give your name and your address at the time of the incident, there was probable cause to arrest you for possession of a firearm within 1000 feet of a school zone. The defense to that charge is of course that you were on your own property. However, since you did not identify yourself, or provide any proof of your residence, there was at that time, probable cause to arrest you for violation of that Statute.

Please understand that the police were responding to a call of shots fired and man with a handgun reloading in the street. That person, should it have turned out to be you, would have been in violation of the Attorney General's open carry determination. "Open Carry" does not allow an individual to use a firearm to fire a firearm in a residential area or within 1000 feet of a school, or to enter a premise where alcohol is sold by the drink. There are also further restrictions regarding carrying a firearm while under the influence.

While the call to the Dispatcher indicated that a person had a handgun that may have been a BB or pellet gun, it did say that he was reloading and the Dispatcher, who was not the call taker, dispatched this as an individual in the street with a handgun.

When officers are responding to a call regarding a person using a firearm on the streets, their training, for their own protection and the protection of the public, dictates that they must react in certain ways. Quite frankly, I was surprised the officers did not demand that you disarm yourself and based on the totality of the circumstances, did not approach you with weapons drawn. The nature of the call and the surrounding circumstances, I believe that the officers were perfectly within their rights to do what is known as a "Terry" stop, which would allow them to pat you down for officers' safety, and remove any weapons, again for officers' safety, because I believed that they had articulable suspicion for a "Terry" stop, they were entitled to hold you until they were able to

Office of the District Attorney, 730 Wisconsin Ave., Racine, WI 53403   (262) 636-3172
10/13/09 10:16 AM S:\OfficeDocs\Word Docs\Letters\Hannan-Rock, Frank, letter re arrest, MEN, prp, October 9, 2009.doc
Case 2:10-cv-00009-CNC   Filed 05/10/10   Page 1 of 2   Document 34   EXHIBIT A

determine whether or not there was a crime ongoing. Because of your refusal to identify yourself and your location within 1000 feet of a school, while in possession of a firearm, the police had probable cause at that point to arrest you for that crime. If you would have given your name and your address, they would have been quickly able to verify that information, causing the probable cause to arrest you for possession of a firearm within 1000 feet of a school zone, to disappear, and you would have been released.

The right to bear firearms is protected by the Constitution but it is not unlimited and requires it to be done in a responsible manner. The responsibility of law enforcement officers require them to take certain steps to protect themselves and the public from the dangers present in any community. When police officers respond to a call from a citizen regarding shots being fired, report to the scene and find an individual two doors away with a firearm, that individual needs to understand that the police will approach him and treat him as a suspect on those matters. And even if an individual is within their own residence but within 1000 feet of a school zone, but does not identify themselves, this causes police to have probable cause and will subject that individual to an arrest for the crime of possession of a firearm within a school zone. If the person is causing a disturbance from something more than the mere possession of his firearm, but rather in the manner he possesses it, or may be displaying it, or his language, or actions, that person should be expected to be arrested for disorderly conduct while armed. The person who has been drinking and is intoxicated, should expect to be charged and arrested for armed while intoxicated. There is no requirement or presumption that law enforcement will know who is living at every address in any community. So while an individual may exercise their right to possess a firearm, that individual should expect that there are consequences to their actions.

If you would like to discuss this issue with me further, I would be more than happy to meet with you.

Sincerely,

Michael E. Nieskes
Racine County District Attorney

MEN/prp

CC: Chief Kurt Wahlen

Office of the District Attorney, 730 Wisconsin Ave., Racine, WI 53403 (262) 636-3172
10/13/09 10:16 AM S:\OfficeDocs\Word Docs\Letters\Hannan-Rock, Frank, letter re arrest, MEN, prp, October 9, 2009.doc
Case 2:10-cv-00009-CNC  Filed 05/10/10  Page 2 of 2  Document 34-1