IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WISCONSIN CARRY, INC.,
*Et. al.*

      Plaintiffs,                    CIVIL ACTION FILE NO.

v.                                      2:10-CV-9-CNC

CITY OF MILWAUKEE,
*Et.al.*

      Defendants.

## **PLAINTIFF GREG PLAUTZ' BRIEF IN OPPOSITION TO DEFENDANT CITY OF GREENFIELD'S MOTION TO DISMISS**

### **Introduction**

Plaintiff Greg Plautz ("Plaintiff") brought this action against Defendant City of Greenfield because Defendant warned Plaintiff that anyone attending Plaintiff's planned picnic, while armed, would be close to a "Gun Free School Zone." The warning indicated that violators risked arrest and prosecution for violating Wisconsin's Gun Free School Zone Act. Because Defendant threatened Plaintiff with a real and particularized injury and because the Wisconsin Gun Free School Zone Act

–1–

violates Plaintiff's constitutional right to keep and bear arms, Plaintiff seeks declaratory and injunctive relief.

**Background[1]**

In May 2009, Plaintiff planned to have an "open carry picnic" at his home in the City of Greenfield, Wisconsin. Doc. 18, ¶ 46. An open carry event is one at which the sponsors of the event encourage attendees to carry firearms lawfully and un-concealed (i.e., openly). *Id.,* ¶ 47. On or about May 18, 2009, Defendant's chief of police sent Plaintiff a letter. *Id.,* ¶ 48. The letter warned Plaintiff that "your property is barely 50 feet outside of a school zone. Any picnic attendee straying into the school zone while armed risks arrest and prosecution." *Id.,* ¶ 49. Plaintiff desires to exercise his state and federal constitutional right to bear arms, but he is in fear of doing so because he lives, works, or spends leisure time within 1,000 feet of schools. *Id.,* ¶ 55.

---

[1] In a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), such as the instant motion, a plaintiff's well pleaded allegations of fact are taken as true and all reasonable inferences are drawn in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993); *Dixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002). Likewise, pursuant to Fed. R. Civ. Proc. 12(c), all facts alleged by the plaintiff must be taken to be true. *Friedman v. Washburn Co.,* 145 F.2d 715, 717 (7th Cir. 1944). The facts recited in this Brief are therefore taken

**Argument**

Defendant has filed a Motion to Dismiss Plaintiff's claims against it for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Plaintiff first will address Defendant's 12(b)(6) Motion and then Defendant's 12(c) Motion.

It is worth noting that Defendant does not cite a single case or a single fact in support of its Motions. Keeping in mind that a moving party bears the burden when making a motion, Defendant's Motions are woefully inadequate.

**1. Plaintiff States a Valid Claim**

In considering a 12(b)(6) motion, plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993); *Dixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Boim v. Quranic Literacy Institute,* 291 F.3d 1000, 1008 (7th Cir 2002). Plaintiffs in a suit in federal court need not plead facts; conclusions may be pleaded as long as the

---

from the Amended Complaint [Doc. 18].

defendants have at least minimal notice of the claim. Fed.R.Civ.P. 8(a)(2); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002); *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir 1999). Ordinarily, as long as they are consistent with the allegations of the complaint, a plaintiff may assert additional facts in his or her response to a motion to dismiss. *Brokaw v. Mercer County,* 235 F.3d 1000, 1006 (7th Cir 2000). In the complaint itself, it is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. *Forseth v. Villiage of Sussex,* 199 F.3d 363, 368 (7th Cir 2000). A plaintiff is not bound by legal characterizations of the claims contained in the complaint. *Id.*

The standard a court applies in considering a 12(b)(6) motion is that the complaint must overcome "two easy-to-clear hurdles": 1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests, and 2) its allegation must actually ***suggest*** that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) [Emphasis in original].

It is against the foregoing legal backdrop that the Court must evaluate Defendant's Motion. It is not clear from Defendant's Motion if Defendant believes

–4–

that Plaintiff's claim lacks sufficient detail to give Defendant fair notice of what the claim is and the ground on which it rests. Paragraphs 47-49 of the Amended Complaint, cited above, spell out that Plaintiff was planning a picnic and Defendant threatened picnic attendees with arrest and prosecution if they were armed and went within 1,000 feet of a school (which Defendant claims was a mere 50 feet from Plaintiff's property). Paragraph 55 of the Amended Complaint alleges that Plaintiff desires to exercise his state and federal constitutional rights to bear arms, but that he is in fear of doing so because he lives, works, or spends leisure time within 1,000 feet of schools. Finally, paragraph 71 of the Amended Complaint alleges that by threatening Plaintiff with arrest for carrying firearms near his house, Defendant has infringed Plaintiff's right to bear arms that predates the Constitution and that is guaranteed by the 14th Amendment. It is clear on these allegations what Plaintiff's claim is and the ground on which it rests.

Defendant complains, however, that Plaintiff "has failed to indicate in any way whether any possible 'picnic' occurred, and if so, how he or any other 'picnic attendees' were affected in any way by the letter in question." Doc. 29, p. 2. Defendant does not elaborate on the relevance of these supposed deficiencies in the Amendment Complaint. Plaintiff alleges that Defendant threatened him with arrest

–5–

and prosecution, and he would like to exercise a constitutional right but is in fear of arrest for doing so, and Plaintiff alleges that Defendant therefore violated Plaintiff's constitutional rights and Plaintiff requests declaratory and injunctive relief. To the extent Defendant believes whether the picnic took place or not is important, Defendant can find this out in discovery. In the meantime, however, Plaintiff has put Defendant on notice what his claim is and the basis for it.

Although it does not explicitly say so, Defendant also appears to be attacking the Amended Complaint on the second *Tamayo* prong: by claiming that the Amended Complaint does not even ***suggest*** that Plaintiff has a right to relief that is more than speculative. Defendant makes this attack by saying that "injunctive relief would serve no purpose." Doc. 29, p. 2. Again, Defendant does not elaborate and does not cite any cases or other authority to support its position.

Plaintiff has requested declaratory and injunctive relief, and both would serve a purpose. Defendant has put Plaintiff on notice that Defendant enforces the Wisconsin Gun-Free School Zone. Enforcement is so vigorous that Defendant took it upon itself to write Plaintiff a letter warning Plaintiff of the strict enforcement of Wisconsin's gun laws. Plaintiff would like to exercise his constitutional right to bear arms, but he is in fear of arrest by Defendant and seeks declaratory and injunctive relief. While

Plaintiff fully expects to prevail on the merits, at this stage he only need show that the Amended Complaint *suggests* that he has a right to relief, and he has done so.

Defendant also somehow comes to the conclusion that the letter to Plaintiff threatening arrest and prosecution only pertained "to individuals other than himself." Doc. 29, p. 2. Defendant overlooks, however, that in a 12(b)(6) Motion, the facts alleged in the complaint are taken to be true and are construed in a light most favorable to the plaintiff. Applying this principle to the instant case, Plaintiff was organizing a picnic and picnic attendees were threatened with arrest and prosecution. It is a fair inference that Plaintiff would attend his own picnic. To the extent Defendant attacks Plaintiff's claim on behalf of parties other than himself, Plaintiff states for the record that he is making no claims on behalf of such parties.

Finally, Defendant makes one-sentence or one-phrase assertions that Plaintiff's claim is not ripe or that Plaintiff lacks standing. Such attacks on the Court's jurisdiction, if they had been sufficiently argued to address, should have been made pursuant to Fed.R.Civ.P. 12(b)(1). Nevertheless, there is adequate authority that a person in Plaintiff's situation has adequate standing to sue.

> When contesting the constitutionality of a criminal statute, it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters

> the exercise of his constitutional rights. When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief."

*Babbitt v. UFW National Union,* 442 U.S. 289, 298 (1979). In the case at bar, Plaintiff has received a credible threat of prosecution, as it came in writing from Defendant's chief of police. Plaintiff has shown that he desires to engage in a constitutionally protected right (bearing arms) but that bearing arms within 1,000 feet of a school is proscribed by statute in Wisconsin. Under *Babbitt,* Plaintiff has standing.

## 2. Judgment on the Pleadings Is Inappropriate in this Case

As noted earlier, Defendant has requested a judgment on the pleadings pursuant to Fed.R.Civ.Proc. 12(c), but again, however, Defendant did not provide the Court any guidance on the applicability of that rule.

Rule 12(c) provides, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." As an initial matter, Defendant did not file an answer [Doc. 31] to the Amended Complaint [Doc. 18] until ***after*** filing the instant Motion [Doc. 29]. Thus, when the Motion was filed, there was

no answer and it cannot be said that the pleadings were closed. For this reason alone, the Motion should be denied. Nevertheless, Plaintiff will address the merits of the Motion.

In deciding a Rule 12(c) motion, all facts alleged by the plaintiff must be taken to be true, the question being whether upon those facts the plaintiff has stated a cause of action. *Friedman v. Washburn Co.,* 145 F.2d 715, 717 (7th Cir. 1944). Moreover, "Judgment is proper on the motion ***only*** where no material issue of fact is presented by the pleadings." *Id.* [Emphasis supplied]. In the instant case, Defendant has denied the allegations contained in ¶¶ 47, 49, and 55 of the Amended Complaint [*see* Doc. 31, ¶¶ 47, 49, and 55]. These three paragraphs in the Amended Complaint (each of which is cited above in the Background section), form a large part of the basis of Plaintiff's claim against Defendant. Thus, this is not a case "where no material issue of fact is presented by the pleadings." Quite the contrary, Defendant has denied virtually everything and put nearly every fact at issue.

The only way a motion for judgment on the pleadings can be granted in the face of disputes of fact such as are present in the instant case is "if the facts did not entitle [Plaintiff] to relief anyway" *Friedman,* 145 F.2d at 717. Of course, if Plaintiff is not entitled to judgment anyway, then the 12(c) Motion is just a repeat of the 12(b)(6)

–9–

Motion and is not distinct in any way. The arguments in Section 1 above are hereby incorporated as against Defendant's 12(c) Motion.

**Conclusion**

Plaintiff has shown that he has validly stated a claim against Defendant for which relief may be granted. Defendant's Motion must therefore be denied.

JOHN R. MONROE,

___/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net

ATTORNEY FOR PLAINTIFFS

# CERTIFICATE OF SERVICE

I certify that on May 12, 2010, I served the foregoing via U.S. Mail and email upon:

Kevin P. Reak
Gregg J. Gunta
John A. Wolfgang
Gunta & Reak, S.C.
219 North Milwaukee Street, 5th Floor
Milwaukee, WI 53202
kpr@gunta-reak.com
gig@gunta-reak.com
jaw@gunta-reak.com

Miriam Horwitz
mhorwi@milwaukee.gov

William Ehrke
wehrke@crivellocarlson.com

Thomas Bellavia
ballaviatc@doj.state.wi.us


                                              /s/ John R. Monroe
                                              John R. Monroe