IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

WISCONSIN CARRY, INC.,
*Et. al.*

      Plaintiffs,                                          CIVIL ACTION FILE NO.

v.                                                         2:10-CV-9-CNC

CITY OF MILWAUKEE,
*Et.al.*

      Defendants.

---

**PLAINTIFF WISCONSIN CARRY, INC., DAVID BERNSON, FRANK HANNAN ROCK, AND JEFF LEIFER'S ' BRIEF IN OPPOSITION TO DEFENDANT CITY OF GREENFIELD'S MOTION TO DISMISS**

**Introduction**

Plaintiffs Wisconsin Carry, Inc. ("WCI"), David Bernson, Frank Hannan Rock, and Jeff Leifer ("Plaintiffs") brought this action against various Defendants, including Defendant City of Greenfield ("Defendant"), because Defendants threatened Plaintiffs with arrest and prosecution or otherwise threatened or actually applied sanctions to Plaintiffs for real or perceived violations of the Wisconsin Gun Free School Zone Act. Because such threatened or actual injuries violate Plaintiffs constitutional rights to

–1–

bear arms, Plaintiffs sought declaratory and injunctive relief, and, in some cases, damages. With the exception of WCI, none of the other Plaintiffs brought any claims against Defendant. It seems to be clear to Defendant that this is the case, as Defendant alleged in its Answer [Doc. 31], "Plaintiffs Wisconsin Carry, Inc., David Bernson, Frank Hannan Rock, and Jeff Leifer have not asserted any claims or complaints against this defendant…." Doc. 31, p. 7, ¶ k. It is not clear, therefore, why Defendant has brought this Motion to dismiss non-existent claims. To the extent Defendant seeks such relief against Bernson, Hannan Rock, and Leifer, the Motion should be dismissed as moot, as there is no relief for Defendant to have.

Defendant is incorrect as to Plaintiff WCI, however, so WCI will respond further to the Motion to extent it seeks relief against WCI.

**Background[1]**

In May 2009, Plaintiff Greg Plautz[2] planned to have an "open carry picnic" at his home in the City of Greenfield, Wisconsin. Doc. 18, ¶ 46. An open carry event is

---

[1] In a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), such as the instant motion, a plaintiff's well pleaded allegations of fact are taken as true and all reasonable inferences are drawn in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993); *Dixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002). Likewise, pursuant to Fed. R. Civ. Proc. 12(c), all facts alleged by the plaintiff must be taken to be true. *Friedman v. Washburn Co.,* 145 F.2d 715, 717 (7th Cir. 1944). The facts recited in this Brief are therefore taken
−2−

one at which the sponsors of the event encourage attendees to carry firearms lawfully and un-concealed (i.e., openly). *Id.,* ¶ 47. On or about May 18, 2009, Defendant's chief of police sent Plautz a letter. *Id.,* ¶ 48. The letter warned Plautz that "your property is barely 50 feet outside of a school zone. Any picnic attendee straying into the school zone while armed risks arrest and prosecution." *Id.,* ¶ 49.

WCI is a non-profit corporation organized under the laws of the state of Wisconsin. *Id.,* ¶ 5. WCI's mission is to preserve, advance, and expand the rights of its members to keep and bear arms. *Id.,* ¶ 54. Plautz is a member of WCI. *Id.,* ¶8. Plautz and other members of WCI desire to exercise their state and federal constitutional right to bear arms, but they are in fear of doing so because they live, work, or spend leisure time within 1,000 feet of schools. *Id.,* ¶ 55.

**<u>Argument</u>**

Defendant has filed a Motion to Dismiss WCI's claims against Defendant for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). WCI first will address Defendant's 12(b)(6) Motion and then Defendant's 12(c) Motion.

---

from the Amended Complaint [Doc. 18].
[2] Plautz is not a subject of this Motion, as Defendant brought a separate motion to dismiss Plautz' claims [Doc. 29].

–3–

It is worth noting that Defendant does not cite a single case or a single fact in support of its Motions. Keeping in mind that a moving party bears the burden when making a motion, Defendant's Motions are woefully inadequate.

**1. Plaintiff States a Valid Claim**

In considering a 12(b)(6) motion, plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993); *Dixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Boim v. Quranic Literacy Institute,* 291 F.3d 1000, 1008 (7th Cir 2002). Plaintiffs in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendants have at least minimal notice of the claim. Fed.R.Civ.P. 8(a)(2); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002); *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir 1999). Ordinarily, as long as they are consistent with the allegations of the complaint, a plaintiff may assert additional facts in his or her response to a motion to dismiss. *Brokaw v. Mercer County,* 235 F.3d 1000, 1006 (7th Cir 2000). In the complaint itself, it is unnecessary to specifically identify the legal

basis for a claim as long as the facts alleged would support relief. *Forseth v. Villiage of Sussex,* 199 F.3d 363, 368 (7th Cir 2000). A plaintiff is not bound by legal characterizations of the claims contained in the complaint. *Id.*

The standard a court applies in considering a 12(b)(6) motion is that the complaint must overcome "two easy-to-clear hurdles": 1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests, and 2) its allegation must actually ***suggest*** that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) [Emphasis in original].

It is against the foregoing legal backdrop that the Court must evaluate Defendant's Motion. It is not clear from Defendant's Motion if Defendant believes that WCI's claim lacks sufficient detail to give Defendant fair notice of what the claim is and the ground on which it rests. Paragraphs 5, 8, 47-49, and 54 of the Amended Complaint, cited above, spell out that Plautz was planning a picnic and Defendant threatened picnic attendees with arrest and prosecution if they were armed and went within 1,000 feet of a school (which Defendant claims was a mere 50 feet from Plaintiff's property). Paragraph 55 of the Amended Complaint alleges that Plautz and

other WCI members desire to exercise their state and federal constitutional rights to bear arms, but that they are in fear of doing so because they live, work, or spend leisure time within 1,000 feet of schools. Finally, paragraph 71 of the Amended Complaint alleges that by threatening WCI's members with arrest for carrying firearms, Defendant has infringed WCI's members' rights to bear arms that predate the Constitution and that are guaranteed by the 14th Amendment. It is clear on these allegations what WCI's claim is and the ground on which it rests.

WCI has requested declaratory and injunctive relief, and both would serve a purpose. Defendant has put WCI on notice that Defendant enforces the Wisconsin Gun-Free School Zone. Enforcement is so vigorous that Defendant took it upon itself to write Plautz a letter warning Plautz of the strict enforcement of Wisconsin's gun laws. WCI's members would like to exercise their constitutional right to bear arms, but they are in fear of arrest by Defendant and seek declaratory and injunctive relief. While WCI fully expects to prevail on the merits, at this stage it only need show that the Amended Complaint *suggests* that it has a right to relief, and it has done so.

Defendant asserts that WCI lacks standing, but Defendant fails to elaborate why this is so. An organization such as WCI has standing to sue when its members would otherwise have standing, the interests it seeks to protect are germane to the

organization's purpose, and the case does not require participation of the members. *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 343 (1977). WCI will address briefly all three prongs.

### a. WCI's Members Have Standing

Plautz already demonstrated in his contemporaneously-filed Brief in Opposition to Defendant's Motion to Dismiss his claims that he has standing. WCI also alleged in the Amended Complaint that WCI has other members in the same situation as Plautz – they wish to exercise their constitutional rights to bear arms but they are in fear of arrest for doing so. there is adequate authority that a person in Plautz' situation has adequate standing to sue.

> When contesting the constitutionality of a criminal statute, it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise of his constitutional rights. When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief."

*Babbitt v. UFW National Union,* 442 U.S. 289, 298 (1979). In the case at bar, Plautz has received a credible threat of prosecution, as it came in writing from Defendant's chief of police. Plautz has shown that he desires to engage in a constitutionally

–7–

protected right (bearing arms) but that bearing arms within 1,000 feet of a school is proscribed by statute in Wisconsin. Under *Babbitt,* Plaintiff has standing.

Given that both Plautz and some of WCI's other members have standing, the first prong of the test is met.

      b. <u>WCI's Claims are Germane to WCI's purpose.</u>

WCI's purpose is to foster the rights of its members to keep and bear arms. Amended Complaint, ¶ 54. This case is about securing Plautz' and WCI's other members' rights to keep and bear firearms, rights which Defendant has threatened to violate by arresting them for exercising those rights. It is beyond dispute that this case is germane to WCI's purpose.

      c. <u>WCI's Other Members' Participation is Not Necessary</u>

Defendant could not reasonably argue that it is necessary for all WCI's members to participate in this case (and indeed Defendant has not made this argument). As noted above, Plautz' position is not unique among WCI's other non-resident members, so there is no reason to believe that more members' participation will be required. The members are not making individually unique claims and they are not seeking individually unique remedies. *See, e.g.*, *Warth v. Seldin,* 422 U.S. 490, 516 (1975). WCI is seeking prospective relief that will inure to the benefit of all

members alike. There is no claim for individual damages requiring the participation of individual members other than the ones that already are individual plaintiffs.

Finally, Defendant makes one-sentence or one-phrase assertions that Plaintiff's claim is not ripe or that Plaintiff lacks standing. Such attacks on the Court's jurisdiction, if they had been sufficiently argued to address, should have been made pursuant to Fed.R.Civ.P. 12(b)(1).

## **2. Judgment on the Pleadings Is Inappropriate in this Case**

As noted earlier, Defendant has requested a judgment on the pleadings pursuant to Fed.R.Civ.Proc. 12(c), but again, however, Defendant did not provide the Court any guidance on the applicability of that rule.

Rule 12(c) provides, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." As an initial matter, Defendant did not file an answer [Doc. 31] to the Amended Complaint [Doc. 18] until *after* filing the instant Motion [Doc. 29]. Thus, when the Motion was filed, there was no answer and it cannot be said that the pleadings were closed. For this reason alone, the Motion should be denied. Nevertheless, WCI will address the merits of the Motion.

–9–

In deciding a Rule 12(c) motion, all facts alleged by the plaintiff must be taken to be true, the question being whether upon those facts the plaintiff has stated a cause of action. *Friedman v. Washburn Co.,* 145 F.2d 715, 717 (7th Cir. 1944). Moreover, "Judgment is proper on the motion *only* where no material issue of fact is presented by the pleadings." *Id.* [Emphasis supplied]. In the instant case, Defendant has denied the allegations contained in ¶¶ 8, 47, 49, and 54-55 of the Amended Complaint [*see* Doc. 31, ¶¶ 8, 47, 49, and 54-55]. These three paragraphs in the Amended Complaint (each of which is cited above in the Background section), form a large part of the basis of WCI's claim against Defendant. Thus, this is not a case "where no material issue of fact is presented by the pleadings." Quite the contrary, Defendant has denied virtually everything and put nearly every fact at issue.

The only way a motion for judgment on the pleadings can be granted in the face of disputes of fact such as are present in the instant case is "if the facts did not entitle [Plaintiff] to relief anyway" *Friedman,* 145 F.2d at 717. Of course, if WCI is not entitled to judgment anyway, then the 12(c) Motion is just a repeat of the 12(b)(6) Motion and is not distinct in any way. The arguments in Section 1 above are hereby incorporated as against Defendant's 12(c) Motion.

**Conclusion**

Plaintiffs Berson, Hannan Rock, and Leifer have confirmed what Defendant already knew, to wit: they have no claims against Defendant. To the extent Defendant's Motion seeks to have non-existent claims dismissed, the Motion is moot and should be denied.

WCI has shown that it has standing and has validly stated a claim for which relief may be granted. For this reason, Defendant's Motion against WCI also should be denied.

JOHN R. MONROE,

___/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on May 12, 2010, I served the foregoing via U.S. Mail and email upon:

Kevin P. Reak
Gregg J. Gunta
John A. Wolfgang
Gunta & Reak, S.C.
219 North Milwaukee Street, 5th Floor
Milwaukee, WI 53202
kpr@gunta-reak.com
gig@gunta-reak.com
jaw@gunta-reak.com

Miriam Horwitz
mhorwi@milwaukee.gov

William Ehrke
wehrke@crivellocarlson.com

Thomas Bellavia
ballaviatc@doj.state.wi.us

                                        /s/ John R. Monroe
                                        John R. Monroe