IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WISCONSIN CARRY, INC,
DAVID BERNSON,
FRANK HANNAN ROCK,
GREG PLAUTZ, and
JEFF LEIFER

    Plaintiffs,                                       Case No. 10-C-009

v.

CITY OF MILWAUKEE, CITY OF RACINE
CITY OF GREENFIELD, CITY OF MANITOWOC,
MICHAEL NIESKES, KURT KEZESKE,
JESSIE METOYER, and
RICHARD PRINCE

    Defendants.

## REPLY IN SUPPORT OF DEFENDANT, CITY OF GREENFIELD'S MOTION TO DISMISS ALL CLAIMS OF PLAINTIFF, GREG PLAUTZ

        The defendant, City of Greenfield originally filed a motion to dismiss all claims of plaintiff, Greg Plautz, for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6), and as a result of the fact that the asserted claims are moot, and also that plaintiff Plautz has no standing to request relief for individuals other than himself. Defendant also filed an alternative motion for judgment on the pleadings of Greg Plautz pursuant to FRCP 12(c). Said motion was filed in conjunction with a similar motion to dismiss the claims of all other plaintiffs, which is addressed in a separate reply.

        This document will constitute the reply of the defendant, City of Greenfield in support of the motion to dismiss the Amended Complaint of Greg Plautz.

As to Plaintiff Plautz, a review of the limited claims against the City of Greenfield in his amended complaint shows:

1. He planned to have a picnic in May at his residence at which individuals would openly display firearms in May of 2009, over one year ago; (Para. 46)

2. On May 18, 2009, the City of Greenfield Police Chief Francis Springob sent Mr. Plautz a letter referring to various Wisconsin statutes, including 948.05 which prohibit carrying a weapon within a school zone. The letter, attached to Plaintiffs' complaint, simply advised Mr. Plautz that individuals who might carry a weapon into a school zone "risked" prosecution under the statutes in effect at the time. (Paras. 48, 49)

3. He alleges no specific damage from the letter and fails to allege that the picnic even took place. He does not allege that any of the other plaintiffs in this case received or even knew about the personal letter to Mr. Plautz. There is no allegation that the statute cited (948.065) has been applied to him in any way by the City of Greenfield.

4. He joins the other plaintiffs in asking for a general declaration that Wis. Stat. 948.065, the Gun Free School Zone Act is unconstitutional "as applied to Plaintiffs." (Para. 1) There is no allegation that the specific statute has been "applied to" any of the plaintiffs by the City of Greenfield. Various plaintiffs allege that other defendants specifically "applied" the statute to them as a result of arrests and seizures of their property. (Since there is no allegation that Greenfield "applied" the specific statute to Plautz, it is assumed this is a general claim for relief made by the other plaintiffs.)

Now, one year later, when nothing has been alleged to have occurred, no prospective relief against the City of Greenfield is requested, and Mr. Plautz has not been damaged, Mr. Plautz has filed an Amended Complaint naming the City of Greenfield as a defendant in this

2

action. There is no specific prayer for relief by Plautz against Greenfield in the amended complaint.

Defendant's primary motion to dismiss Mr. Plautz's claims is based on the fact that the alleged circumstances occurred one year ago, Mr. Plautz does not allege that Greenfield took any specific action in relation to the letter, did not "apply" the statute to plaintiff Plautz, and does not allege any specific damage and does not present any specific prayer for relief against Greenfield. Under these facts, any theoretical effect of the letter is moot as nothing occurred in May, 2009, and any speculation that Greenfield might do something in the future is just that—pure speculation.

Plautz's claims against Greenfield rest solely on the receipt of a letter in May of 2009 referencing a May 25, 2009 picnic, after which there was no follow up, no activity and no resulting damage. (Paras. 46, 48 and 49).

In his response, Mr. Plautz argues that, in a motion under FRCP 12(b)(6), the court must take the allegations in the complaint as true. However, that in and of itself does not defeat this motion.

Plaintiff, at page 4 of his brief, also correctly cites *Tamayo v. Blagojevich, 526 F. 3d 1074, 1084 (7th Cir. 2008)* to note the two requirements for a complaint to survive a motion under FRCP 12(b)(6). One is that the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests. The other is that the allegations not only must suggest that Plaintiff has a right to relief, he ***must provide allegations that raise the right to relief <u>above the speculative level</u>.*** (526 F. 3d at 1084)

Any "claim" that he is now making is not only moot, nothing more than pure speculation. (This is also true for the other Plaintiffs, but that will be addressed in a separate reply.)

3

His amended complaint and claims against this defendant are grounded in the past—May of 2009—while there is now no allegation or indication of any picnic, damage or other circumstance which would now give rise to a claim. There is no allegation of application or enforcement of the statute in any way by Greenfield. The amended complaint does not, and cannot address the future without speculation. He has not alleged that the City of Greenfield followed through on the letter in any way, or that anything occurred at or after the May 25, 2009 picnic. The letter is simply advisory and applies to a singular *potential* May 25, 2009 picnic.

The third paragraph of the letter addressed to Mr. Plautz simply states that "be advised that your property is barely 50 feet outside of a school zone, any picnic attendee straying into the school zone while armed risks arrest and prosecution." That is merely a true statement of fact and the truth under the statute at that the time. The statement in the letter would apply to all schools, law enforcement officers and citizens in the State of Wisconsin at the time.

Plaintiff does not claim, and cannot realistically state that he was unaware that if he or anyone at his residence were to step into a school zone while armed, be it in Greenfield or any other municipality, they would in fact, "risk" arrest and prosecution under the current statute, before he received his letter. He does not assert that he altered his behavior in any way between May 18, 2009 and May 25, 2009 because of the letter.

In the amended complaint filed one year after he received the letter relating to the specific anticipated event, plaintiff now comes forward and alleges that he "desires" to exercise his state and federal constitutional right to bear arms, but is in fear of doing so because he lives, works, or spends leisure time within one 1000 feet of the schools." That "fear", to the extent it may even exist, is a result of the existence of the statute—and would apply to any armed individual anywhere in the state. It can no longer exist in the context of his May 25, 2009

4

planned picnic. He does not allege that he was unaware of the applicable law at the time or that he altered his behavior because of the letter.

To follow his reasoning in the specific circumstances and passage of time stated in the amended complaint would be to allow him to sue every municipality in the State based solely on the "fear" of future enforcement of the statute, as law enforcement officers of every municipality have a sworn duty to follow and enforce the laws of the State of Wisconsin. He faces the same risk, whether he receives a letter reminding him of such or not. Certainly a court would not allow such speculative claims against any such municipalities or entities based solely on the existence of the statute and what may or may not occur in the future—which is the situation we have here.

Besides being speculative, anything over and above the May 2009 letter and the plaintiff's alleged intention to have a "picnic" are now moot as time has passed and nothing has come of those. A claim which is rendered moot is subject to a motion to dismiss under FRCP 12(b)(6). *Diaz v. Blum, 479 F. Supp. 930, (SDNY 1979).* This is just such a claim. Even if the court accepts the statements in plaintiff's Amended Complaint as true for the purposes of this motion, there is no remedy available at this time, the claim is moot, and no perspective relief can be related or provided specifically as it relates to the May 18, 2009 letter submitted to him by the Greenfield police chief relating to the May 25, 2009 picnic. Again, as long as the statute is in place, plaintiff would risk the arrest and prosecution for carrying a weapon in a school zone anywhere in the State of Wisconsin.

The Court should not entertain complaints and amended complaints based on such speculation or what "might" happen—especially when nothing occurred in the relevant timeframe of May 18-May 25, 2009.

5

Contrary to the plaintiff's argument, defendant has not infringed on plaintiff's right to bear arms that is guaranteed by the 14th Amendment. The defendant, at most, simply reminded the plaintiff of the existing statutory provision—applicable everywhere in the State of Wisconsin, not just Greenfield-- that precludes an individual from taking a gun into a school zone. Plaintiff cites *Babbit v. U.S.W. National Union, 442 U.S. 289, 298 (1979)* ostensibly for the proposition that "when the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but prescribed by a statute, and there exists a "credible threat" of prosecution there under, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." However, nothing in Plautz's claims against Greenfield relate to a future "intention to engage in a course of conduct" vis-à-vis Greenfield. They only relate to a one week period of time a year ago. Any intention he may have for the future is speculative, and any fear he might have arises out to the existence of the statute, not any affirmative acts of Greenfield. As a result, there is no "credible threat" of prosecution different than what exists under any statute anywhere in the state. Hence, *Babbitt* does not defeat the defendant's motion.

## **JUDGMENT ON THE PLEADINGS IS APPROPRIATE**

As argued in the companion brief relating to plaintiffs, Wisconsin Carry, Inc., Bernson, Hannan Rock, and Leifer, judgment on the pleadings at this time based on the specific amended complaint of Plaintiff Plautz and the letter attached thereto relating solely to the City of Greenfield is appropriate. Pleadings are in fact closed. For the purposes of this motion, Plaintiff argues that the motion was filed before the alternative answer and affirmative defenses were filed, even though they were filed electronically on the same day. Such form over substance

6

argument does not defeat this motion—the pleadings, for the purposes of this motion are, in fact "closed" as that phrase applies to this motion.

In addition and independently, Plaintiff himself admits that a "motion for judgment on the pleadings can be granted if the facts do not entitle to plaintiff to relief anyway." *Freedman, 145 F.2d at 717.* Plaintiff Plautz, here, is "not entitled to relief anyway" at this point, so judgment on the pleadings is proper, in addition to dismissal under FRCP 12(b)(6).

## CONCLUSION

Based on the above, and the original submission of this defendant, defendant, City of Greenfield respectfully requests that the Court grants its motion to dismiss the Amended Complaint of the plaintiff, Greg Plautz.

Dated this 26th day of May, 2010.

BY: /s/ William W. Ehrke
WILLIAM W. EHRKE
State Bar No.: 1015619
Attorneys for Defendant City of Greenfield

CRIVELLO CARLSON, S.C.
710 North Plankinton Avenue
Milwaukee, Wisconsin 53203
Telephone: 414-271-7722
Fax: 414-271-4438
E-mail: wehrke@crivellocarlson.com