WISCONSIN CARRY, INC,
DAVID BERNSON,
FRANK HANNAN ROCK,
GREG PLAUTZ, and
JEFF LEIFER

    Plaintiffs,                                                                            Case No. 10-C-009

v.

CITY OF MILWAUKEE, CITY OF RACINE
CITY OF GREENFIELD, CITY OF MANITOWOC,
MICHAEL NIESKES, KURT KEZESKE,
JESSIE METOYER, and
RICHARD PRINCE

    Defendants.

**REPLY OF CITY OF GREENFIELD IN SUPPORT OF MOTIONS TO DISMISS ALL CLAIMS OF PLAINTIFFS WISCONSIN CARRY, INC., DAVID BERNSON, FRANK HANNAN ROCK, AND JEFF LEIFER**

      The defendant City of Greenfield has filed a motion to dismiss all claims by plaintiff Greg Plautz in the above-referenced matter pursuant to FRCP 12(b)(6) and in the alternative FRCP 12 (c).

      The defendant City of Greenfield has also filed a motion to dismiss all claims of the remaining plaintiffs Wisconsin Carry, Inc., (WCI) David Bernson, Frank Hannan Rock, and Jeff Leifer against the City of Greenfield pursuant to FRCP 12(b)(6) and FRCP 12(c).

This document constitutes the reply of defendant City of Greenfield in support of the motions to dismiss the claims of Plaintiffs Wisconsin Carry, Inc., David Bernson, Frank Hannan Rock, and Jeff Leifer.

**REPLY IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS OF PLAINTIFFS WISCONSIN CARRY, INC., DAVID BERNSON, FRANK HANNAN ROCK AND JEFF LEIFER**

Plaintiffs open their response by stating that "defendant<u>s</u>" threatened "plaintiff<u>s</u>" with arrest and prosecution or otherwise threatened or actually applied sanctions to "plaintiff<u>s</u>" for real or perceived violation of the Wisconsin Gun Free School Zone Act. In paragraph 1 of the amended complaint, all of these Plaintiffs ask for a general declaration that Wis. Stat. 948.065, the Gun Free School Zone Act is unconstitutional "as applied to Plaintiff<u>s</u>. However, these specific plaintiffs fail to allege that defendant Greenfield has "applied" the statute to them in any fashion (as opposed to the claims against other defendants arising out of specific arrests and seizures of and failure to return property). Hence, they state no claim for declaratory relief specifically as against Greenfield, and their claims in this regard must be dismissed.

In fact, as can be seen from plaintiff's Complaint and the attachment thereto, these plaintiffs appear to attempt to "bootstrap" claims on the assertions of Plaintiff Greg Plautz arising out of the letter sent by the Greenfield Police Chief to Mr. Plautz. As set forth in the letter attached to the amended complaint, the Chief merely reminded Mr. Plautz on May 18, 2009 (and no one else) that any individual who would be carrying a firearm and who attended Mr. Plautz's picnic the next week, on May 25, 2009, would "risk" prosecution *if* he entered a school zone while armed. The amended complaint and attachment confirms that the letter was not directed to Wisconsin Carry, Inc., David Bernson, Frank Hannan Rock and/or Jeff Leifer. It

does not allege in any way that these plaintiffs even knew about it. The letter is not addressed or copied to any of the other plaintiffs. There is no direction or request that it be passed on to anyone else. There is no allegation that any of these Plaintiffs altered their behavior or were damaged in any way by Plautz's receipt of the letter. The letter did not provide any direct "threat" to Wisconsin Carry, Inc., David Bernson, Frank Hannan Rock or Jeff Leifer.

In addition, at page 2 of their response, the plaintiffs admit that Mssrs. Bernson, Hannan Rock, and Leifer are not pursuing any claim against Greenfield, and therefore, any such claims "need not be dismissed." Plaintiffs then question why defendant has brought this motion to "dismiss nonexistent claims".

A complaint is properly dismissed pursuant to FRCP 12(b)(6) as to one Defendant against whom no relief is sought. *Hartford Accident and Indemnity Co. v. Hop-On Int'l. Corp, 568 F. Supp 1569, (SDNY 1983).*

With Plaintiffs admission and that law, a formal dismissal of these plaintiffs' claims is appropriate and should be granted by this court.

In addition, plaintiffs apparently fail to note that ¶ 55 of their own Complaint asserts that Bernson, Hannan Rock and Leifer desire to exercise their state and federal Constitutional right to bear arms, but are in fear of doing so because they live, work and spend leisure time within 1,000 feet of schools. In the context of plaintiff's general allegations in this case, this is the type of vague claim that arguably could be perceived as one against the City of Greenfield. Many of plaintiffs' general assertions are phrased in the plural, i.e. can be read as all plaintiffs against all defendants. In addition, ¶ 79 generally asks for "an injunction prohibiting defendants from denying plaintiffs the right to carry firearms in their own homes". On its face then, this would appear to constitute a potential, however vague, claim by the plaintiffs against all defendants,

including City of Greenfield. (Even though there is no allegation that Greenfield has done anything to deny any plaintiffs the right "to carry firearms in their own homes.") A formal dismissal would eliminate the vague nature of Plaintiffs claims, especially since Bernson, Hannan Rock, and Leifer already admit they are not pursuing any claims against Greenfield.

Similarly, ¶ 80 requests an injunction prohibiting "defendant*s*" from enforcing the Wisconsin Gun Free School Zone to the extent that the act is unconstitutional. Again, as phrased, as while vague, this requests specific relief by the plaintiff*s* against all defendants. Similarly, plaintiff's ¶ 81 is vague as to the parties from whom attorneys fees and costs are sought, and therefore could be interpreted as a claim and/or cause of action as against the City of Greenfield.

With that said, and with the admission at page 2 of their brief that "with the exception of WCI, none of the other plaintiffs brought any claims against defendant", this court can formally dismiss all claims of Bernson, Hannan Rock, and Leifer against Greenfield.

## THE MOTION TO DISMISS THE CLAIMS OF PLAINTIFF WISCONSIN CARRY, INC. AGAINST CITY OF GREENFIELD SHOULD ALSO BE GRANTED

As the Court can see, the initial motion filed by the City of Greenfield asked for a dismissal of the claims, complaints, and causes of action of plaintiff Wisconsin Carry, Inc. pursuant to FRCP 12(b)(6).

WCI's Amended Complaint contains no specific allegation that WCI received or even knew of any letter from the City of Greenfield to Plautz. There is no allegation that WCI received any information regarding the letter whatsoever.

The letter referred to and attached to plaintiff's Complaint is addressed solely to Greg Plautz at his residence in Greenfield. It does not identify in any way "Wisconsin Carry, Inc" or

WCI in any way. There is no request that it be forwarded or even mentioned to Wisconsin Carry, Inc. It addresses a singular time period of May 18, 2009 to May 25, 2009

It does not "threaten" or even refer to plaintiff "Wisconsin Carry, Inc.".

In fact, the letter simply reminds plaintiff Plautz, (and no one else) of the present applicable law at the time and how it might apply on May 25, 2009. It states facts, and does not constitute a "threat" as plaintiff would have this Court believe.

WCI states that it is "worth noting" that defendant does not cite case law or facts in support of its motions. This is because the mere citation to FRCP 12(b)(6) and 12(c) together with the letter attached to the Amended Complaint is sufficient to justify the dismissal in this case. As to the "citation" of facts, the motion is based on plaintiff's Complaint and the admissions contained therein, and the specific letter upon which plaintiffs appear to base their entire Amended Complaint against the City of Greenfield.

In that context, plaintiff WCI cites a number of cases relating to what may or may not be necessary in a Complaint, but also cites *Tamayo v. Blagojevich, 526 F. 3d. 1074, 1084 (7th Cir. 2008)* that in fact justifies dismissal here.

*Tamayo* notes the two requirements for a complaint to survive a motion under FRCP 12(b)(6). One is that the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests. The other is that the allegations ***not only must suggest that Plaintiff has a right to relief, he must provide allegations that raise the right to relief above the speculative level***. (526 F. 3d at 1084)

As is the case with Plaintiff Plautz, Plaintiff WCI's entire argument is speculative and seems to, in hindsight, attempt to claim that a May 18, 2009 letter relating to a *potential* May 25, 2009 picnic directed only to plaintiff Greg Plautz now, somehow gives rise to a cause of

5

action on the part of all of WCI when in fact WCI and the plaintiffs other than Plautz do not even ask for specific relief against the City of Greenfield. WCI fails to allege that anything has come of the letter to affect it, or that any damages to WCI have occurred.

As a result, because of the letter itself and the specific allegations in the plaintiff's Complaint, it is unknown how plaintiff Wisconsin Carry, Inc. could at this point in time claim it has a cause of action or claim for relief for something that has never happened and is speculative at best.

WCI, in May, 2010, has no claim based on the simple fat that the Chief of Police from the City of Greenfield on May 18, 2009, sent a general letter to Greg Plautz, simply informing him of the existing statutes and advising him of, speculatively, what could happen <u>on May 25, 2009</u> if Mr. Plautz or any of his guests went into a school zone while armed. The letter did not preclude Mr. Plautz, or anyone from WCI for that matter from doing anything.

To allow the claims of WCI to proceed against the City of Greenfield, when no specific remedy is available or necessary, and there is nothing asserted as to any facts or damage that may occur in the future would simply force an effectively uninvolved defendant to "ride along" with the litigation and incur the costs and expenses and inconvenience of litigation when no prospective relief is even requested from Greenfield in this case.

The fact that no damage has been asserted by the plaintiffs, including WCI as a result of any acts on the part of the City of Greenfield requires that the Court at this time dismiss this case as against the City of Greenfield.

The plaintiff's brief goes on to make assertions and statements generally about its "members" and what rights the plaintiffs believe they have or might have in the future, and then

claim that such speculative results from the May 18, 2009 letter might be "germane" to the interests of its member.

However, such an argument fails to address the previous bases for dismissal. Any claim that issues are "germane" is just as speculative as the rest of Plaintiffs claims.

Plaintiff WCI indicates that it has requested declaratory and injunctive relief against all defendants relating to a stature that is in force and affect. There is no present "threat by Greenfield to WCI to enforce any statute that is different from any other municipality or law enforcement agency in this state. Yet, this court would not allow Plaintiffs to sue those entities on the speculative threat that they might enforce a statute the Plaintiffs find objectionable. The mere fact that the Chief of Police of the City of Greenfield wrote one letter in May of 2009 to one individual advising him of the existence of the statutes and the ramification of the violation of those statutes on May 25, 2009 does not in and of itself allow for this claim to continue.

Plaintiff also questions defendant's assertion that WCI lacks standing.

A review of the letter in question makes it clear that WCI's concerns, to the extent that they exist at all as to Greenfield are speculative, at best, and has no standing to make a claim against the City of Greenfield at this time.

Plaintiff cites *Babbitt v. UFW National Union*, *442 U.S. 289, 298 (1979*) ostensibly for the proposition that "when the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but prescribed by a statute, and there exists a "credible threat" of prosecution there under, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief".

However, review of the May 18, 2009 letter referring specifically to a May 25, 2009 picnic and the passage of that time frame without incident or any allegation therein make it clear

that no "credible threat" to WCI or its members presently exists, at least with regard to Greenfield. Nothing in the letter or the Amended Complaint alleges a present "intention to engage in a course of conduct" on the part of the Plaintiff WCI or its members as it would relate to Greenfield. There is nothing pending in which plaintiff has "alleged an intention to engage in a course of conduct" at this point as it pertains to plaintiff WCI, its members, and the City of Greenfield. As a result, there cannot exist a "**credible** threat of prosecution" at this time. Any threat perceived by WCI or its members (which is not alleged) would be based solely on the existence of the statute, which would apply and exist in any and all municipalities under the present circumstance, just as in Greenfield. This court would not, of course, under such speculative circumstances, allow claims against such municipalities, and should not allow such claims against Greenfield. *Babbitt* does not defeat the defendant's motion, and in fact supports the motion.

Similarly, with the passage of time since May 18, 2009 to May 25, 2009, and nothing having occurred, it is impossible to see at this point how "WCI's claims are germane to WCI's purpose" at least as they relate to the claims against the City of Greenfield. Nothing is pending; nothing has happened and anything in the future is nothing but speculation. WCI's Complaint cannot rest on such speculation.

To accept plaintiff's argument would effectively put plaintiff in a position where they could sue virtually every municipality, city, town, village or other political corporation in this lawsuit as long as the statute in question is in effect because such a claim would be "germane" to their purpose and they see the existence of the statute as a "threat" of prosecution. Obviously, such an approach is ludicrous. As a result, the fact that plaintiff WCI feels that their speculative

8

Case 2:10-cv-00009-CNC    Filed 05/26/10    Page 8 of 11    Document 38

claims might be "germane" to its purpose, does not allow for continuation of this case against the City of Greenfield.

## **JUDGMENT ON THE PLEADINGS CAN BE GRANTED UNDER 12(c)**

As an alternative, defendant has requested judgment on the pleadings. As set forth above, defendant presents that motion pursuant to Federal Rule of Civil Procedure 12(c), cites that statute and then refers and relies on plaintiff's Complaint itself.

WCI argues that the pleadings are not closed, so such a motion is premature. It then argues that since the alternative answer was not filed until after the incident motion, there is no right to a 12 (b)(6) motion. In fact, the motions to dismiss and alternative answer and affirmative defenses were filed together, electronically and plaintiff's reliance on "after the pleadings are closed" is misguided. As a result, this Court may now address the motion for judgment on the pleadings. Based on the argument set forth above then, the Defendant City of Greenfield requests that judgment on the pleadings under FRCP 12(c) would be appropriate. If the court feels that motion is premature, Defendant will reserve its right to renew it. Either way, this does not defeat Greenfield's motion to dismiss.

The defendant is asking this Court to look at the Amended Complaint as it pertains to the City of Greenfield, the specific letter of May 18, 2009 relating to an event on May 25, 2009, which provides the basis for the Amended Complaint, the passage of time and the fact that no prospective relief is available to WCI as against this answering defendant to reach the conclusion that the Amended Complaint should be dismissed as against the defendant City of Greenfield.

WCI may be entitled to relief from other defendants based on the actions of those defendants or their employees or officers that resulted in a specific act and consequence, but the

9

same cannot be said for the plaintiff's claim against City of Greenfield based solely on one letter directed to one individual. Greenfield should not be "lumped in" with the claims against the other Defendants which are based on affirmative acts, arrests, and seizures of property.

This Court would have to speculate on what "might" occur, who "might" be affected and how WCI "might" be affected based on the May 18, 2009 letter and a lack of any follow through on that letter or action on the part of the Defendant City of Greenfield.

This is not a case where the City of Greenfield took action or did anything affirmatively other than advising one singular plaintiff (not WCI) of the existence of and ramifications relating to a statute. Nothing happened after that. WCI does not allege that it was harmed or damaged in any way. Anything beyond that is pure speculation which cannot support a continuing lawsuit by WCI against Defendant City of Greenfield.

## **CONCLUSION**

Based on the statements in the Amended Complaint and attached letter, and plaintiffs' admissions in their brief, it appears appropriate that any Amended Complaint and any cause of action or claims contained therein can be seen as asserted against the defendant City of Greenfield by plaintiffs Bernson, Hannan Rock and Leifer should be dismissed formally.

In addition, based on the arguments set forth above, it is respectfully requested this is a case that this Court should dismiss as it relates to plaintiff WCI against the defendant City of Greenfield.

10

Respectfully submitted this 26th day of May, 2010.

BY: s/ William W. Ehrke
WILLIAM W. EHRKE
State Bar No.: 1015619
Attorneys for Defendant City of Greenfield
CRIVELLO CARLSON, S.C.
710 North Plankinton Avenue
Milwaukee, Wisconsin 53203
Telephone: 414-271-7722
Fax: 414-271-4438
E-mail: wehrke@crivellocarlson.com