UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

WISCONSIN CARRY, INC.,
DAVID BERNSON,
FRANK HANNAN ROCK,
GREG PLAUTZ, and
JEFF LEIFER,

        Plaintiffs,

  vs.                                    Case No. 10-C-0009

CITY OF MILWAUKEE,
CITY OF GREENFIELD,
CITY OF MANITOWOC,
MICHAEL NIESKES, in his official
capacity as District Attorney of Racine
County, Wisconsin, and
KURT KEZESKE,

        Defendants.

_____

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF CITY OF MANITOWOC**

_____

The City of Manitowoc, by its attorneys, answers Plaintiffs' Amended Complaint as follows:

1. Paragraph 1 states a legal conclusion and requires no response.

2. Paragraph 2 states a legal conclusion and requires no response.

3. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 3, and therefore deny the same.

4. Deny paragraph 4.

1

5. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 5, and therefore deny the same.

6. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 6, and therefore deny the same.

7. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 7, and therefore deny the same.

8. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 8, and therefore deny the same.

9. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 9, and therefore deny the same.

10. Admit paragraph 10.

11. Admit, although the City of Racine is no longer a party to this case.

12. Admit paragraph 12.

13. Admit paragraph 13.

14. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 14, and therefore deny the same.

15. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 15, and therefore deny the same.

16. Admit, although Defendant Metoyer is no longer a party to this case.

17. Admit, although Defendant Metoyer is no longer a party to this case.

18. Admit, although Defendant Prince no longer a party to this case.

2

19. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 19, and therefore deny the same.

20. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 20, and therefore deny the same.

21. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 21, and therefore deny the same.

22. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 22, and therefore deny the same.

23. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 23, and therefore deny the same.

24. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 24, and therefore deny the same.

25. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 25, and therefore deny the same.

26. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 26, and therefore deny the same.

27. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 27, and therefore deny the same.

28. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 28, and therefore deny the same.

29. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 29, and therefore deny the same.

30. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 30, and therefore deny the same.

31. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 31, and therefore deny the same.

32. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 32, and therefore deny the same.

33. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 33, and therefore deny the same.

34. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 34, and therefore deny the same.

35. Admit paragraph 35.

36. Admit, although Defendants Metoyer and Prince are no longer parties to this lawsuit.

37. Admit, although Defendants Metoyer and Prince are no longer parties to this lawsuit.

38. Admit, although Defendants Metoyer and Prince are no longer parties to this lawsuit.

39. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 39, and therefore deny the same.

40. Admit, although Defendants Metoyer and Prince are no longer parties to this lawsuit.

41. Admit, although Defendants Metoyer and Prince are no longer parties to this lawsuit.

42. Admit, although Defendants Metoyer and Prince are no longer parties to this lawsuit.

43. Admit, although Defendants Metoyer and Prince are no longer parties to this lawsuit.

44. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 44, and therefore deny the same.

45. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 45, and therefore deny the same.

46. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 46, and therefore deny the same.

47. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 47, and therefore deny the same.

48. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 48, and therefore deny the same.

49. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 49, and therefore deny the same.

50. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 50, and therefore deny the same.

51. Admit paragraph 51.

52. Admit that Chief Tony Dick had a telephone conversation with either Jeffrey Leifer or Gregg Wolff about the route the marchers planned to take and suggested that the march begin in a different parking lot because the one proposed was within a school zone. Allege that Mr. Leifer or Wolff agreed to use the alternate lot and that the marchers subsequently used it.

53. Admit that Chief Tony Dick had a telephone conversation with either Jeffrey Leifer or Gregg Wolff about the route the marchers planned to take and suggested that the march begin in a different parking lot because the one proposed was within a school zone. Allege that Mr. Leifer or Wolff agreed to use the alternate lot and that the marchers subsequently used it.

54. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 54, and therefore deny the same.

55. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 55, and therefore deny the same.

56. Deny paragraph 56.

57. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 57, and therefore deny the same.

58. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 58, and therefore deny the same.

59. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 59, and therefore deny the same.

60. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 60, and therefore deny the same.

61. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 61, and therefore deny the same.

62. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 62, and therefore deny the same.

63. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 63, and therefore deny the same.

64. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 64, and therefore deny the same.

65. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 65, and therefore deny the same.

66. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 66, and therefore deny the same.

67. This claim has been settled and resolved and is therefore barred.

68. This claim has been settled and resolved and is therefore barred.

69. This claim has been settled and resolved and is therefore barred.

70. This claim has been settled and resolved and is therefore barred.

71. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 71, and therefore deny the same.

72. Deny paragraph 72.

73. Lack knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 73, and therefore deny the same.

74. Deny paragraph 74.

75. Deny paragraph 75.

76. Deny paragraph 76.

77. Deny paragraph 77.

78. Deny paragraph 78.

79. Deny paragraph 79.

80. Deny paragraph 80.

81. Deny paragraph 81.

82. Deny paragraph 82.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' allegations against the former defendants, City of Racine, Sgt. Nethery and R. Prince, have been settled and resolved and are therefore barred.

2. Plaintiffs' complaint against the City of Manitowoc fails to state a claim upon which relief may be granted.

3. Plaintiffs' state law claims, if any, are subject to the procedural prerequisites for bringing or maintaining a cause of action under § 893.80(1)(a) and (1)(b), Wis. Stats. and the exclusions, immunities and limitations on liability set forth in § 893.80, Wis. Stats.

4. On information and belief, Plaintiffs' complaint must be dismissed for failure to serve the Wisconsin Attorney General as required by § 806.04(11), Wis. Stats.

5. If any injuries were suffered by the plaintiffs, all of such injuries and damages were caused through their own conduct, negligence and behavior or through the conduct and behavior of third parties and through no fault on the part of these answering defendants.

6. All individual defendants are entitled to the defense of qualified immunity.

7. The City of Manitowoc is protected by discretionary act immunity.

8. Wisconsin Carry, Inc. lacks standing to bring this action.

9. Plaintiffs have failed to mitigate their damages.

10. Plaintiffs' injuries, if any, were caused by their own negligence or other misconduct.

11. The defendants' conduct was privileged.

**WHEREFORE,** defendants request judgment as follows:

1. Dismissing the complaint of the plaintiffs on its merits, together with costs and disbursements as well as attorneys fees in favor of defendants.

8

2. For such other further relief as the Court may deem just and equitable and to which the defendants are entitled.

**JURY DEMAND**

Defendant City of Manitowoc demands a trial by jury of all issues so triable.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2010.

              GUNTA & REAK, S.C.
              Attorneys for Defendants City of Manitowoc
              and City of Racine, Sgt. Nethery and R. Prince

         By: /s/ Kevin P. Reak
            Gregg J. Gunta, WI State Bar No. 1004322
            Kevin P. Reak, WI State Bar No. 1004316
            219 North Milwaukee Street, Fifth Floor
            Milwaukee, Wisconsin 53202
            Telephone: (414) 291-7979
            Facsimile: (414) 291-7960
            E-mail: gjg@gunta-reak.com
            E-mail: kpr@gunta-reak.com