IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DAVID BERNSON,

    Plaintiff,                                  CIVIL ACTION FILE NO.

v.                                                      2:10-CV-9-CNC

CITY OF MILWAUKEE, and
KURT KEZESKE,

    Defendants.

---

## SECOND AMENDED COMPLAINT

### I. INTRODUCTION

1. This is in action under 42 U.S.C. § 1983 for various violations of Plaintiff's constitutional rights.

### II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1343.

3. Venue is proper because the Defendants are located in this District and in this Division.

4.  Joinder of the Defendants is proper because the claims against them arise under the same series of transactions or occurrences and there are common questions of law and fact in the claims against them.

### III. PARTIES

5.  Plaintiff David Bernson is a citizen of the United States, a resident of the State of Arizona.

6.  Defendant City of Milwaukee is a municipal corporation organized under the laws of the State of Wisconsin.

7.  Defendant Kezeske is an officer with the City of Milwaukee Police Department.

### IV. FACTUAL BACKGROUND

8.  On June 6, 2009, Kezeske arrested Bernson.

9.  Kezeske did not have a warrant to arrest Bernson.

10. At the time of the arrest, Bernson was a resident of the State of Wisconsin.

11. The arrest took place within the home, or at least within the curtilage of Bernson's residence.

12. Contemporaneously with the arrest, the Kezeske seized a handgun and other personal property belonging to Bernson.

13. Such property was seized pursuant to a search that took place within Bernson's residence.

14. Kezeske did not have a warrant to search Bernson's residence.

15. Kezeske also searched Bernson's automobile.

16. Kezeske did not have a warrant to search Bernson's automobile.

17. Kezeske transported Bernson to the police department, but ultimately released him without charge.

18. Bernson later filed a petition requesting the return of his property.

19. Bernson's petition was denied, in part because Bernson allegedly had possessed the handgun at a gasoline station within 1,000 feet of a school in the City of Milwaukee.

20. On September 21, 2009 and September 23, 2009, respectively, Plaintiffs' counsel wrote the Milwaukee County District Attorney's office and the City of Milwaukee's legal department, requesting the return of Plaintiff's property.

21. The City of Milwaukee responded by recommending Bernson contact the District Attorney.

22. The District Attorney did not respond.

23. The City of Milwaukee continues to retain Bernson's property.

24. As grounds for refusing to return Bernson's property to him, the City of Milwaukee cites the denial of Bernson's petition.

25. Wisconsin's Gun Free School Zone Act covers such a broad area that it practically forecloses a meaningful right to keep and bear arms in large parts of the City of Milwaukee.

26. On April 20, 2009, Milwaukee Police Chief Edward Flynn sent a training bulletin to the Milwaukee police officers.

27. The training bulletin reminded officers of the state law prohibiting carrying firearms in school zones.

28. The training bulleting included a map depicting the approximate locations of the school zones in the City of Mikwaukee.

29. The school zones depicted on the map cover the majority of the City of Milwaukee.

**<u>Count 1 – Violations of Fourteenth Amendment</u>**

30. By arresting Bernson within his home, or within the curtilage of his home, without a warrant and without probable cause, Kezeske violated Bernson's 14th Amendment rights to be free from unreasonable searches and seizures.

–4–

31. By seizing Bernson's property from his home without a warrant, Kezeske violated Bernson's 14th Amendment right to be free from unreasonable searches and seizures.

32. By searching Bernson's home and automobile without a warrant, Kezeske violated Bernson's 14th Amendment right to be free from unreasonable searches and seizures.

33. By retaining Bernson's property without his being convicted of a crime, the City of Milwaukee has violated and continues to violate Bernson's 14th Amendment right to be free from unreasonable seizures and from deprivation of property without due process.

34. By refusing to return Bernson's property because he allegedly possessed a firearm at a gas station within 1,000 feet of a school, Milwaukee has applied the Wisconsin Gun Free School Zone Act against Bernson in an unconstitutionally overbroad fashion.

35. By enforcing a law that prohibits carrying a firearm within the majority of the City of Milwaukee, the City has infringed on Plaintiff's right to bear arms that predates the Constitution and that is guaranteed by the 14th Amendment.

–5–

36. By enforcing a law that prohibits carrying a firearm within 1,000 feet of a school, Defendants deprived Plaintiffs of a meaningful right to bear arms that predates the Constitution and that is guaranteed by the 14th Amendment.

**Prayer for Relief**

Plaintiffs demand the following relief:

37. Damages to Bernson for his wrongful arrest and searches and seizure of his house and property and for the wrongful retention of his property.

38. An order for Milwaukee to return Bernson's property or damages for the permanent deprivation of his property.

39. A declaration that the Wisconsin Gun Free School Zone Act is unconstitutional as applied to Bernson.

40. An injunction prohibiting Defendants from enforcing the Wisconsin Gun Free School Zone Act to the extent the Act is unconstitutional.

41. Attorney's fees and costs for bringing and maintaining this action.

42. A jury to try to this case.

43. Any other relief the Court deems proper.

JOHN R. MONROE,

   /s/ John R. Monroe
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2011, I served the foregoing via the ECF system upon:

MIRIAM R. HORWITZ
Assistant City Attorney
Attorneys for Defendants
City of Milwaukee and Kurt Kezeske
200 East Wells Street
Milwaukee, WI 53202

Kevin P. Reak
Gunta & Reak, SC
219 N. Milwaukee St., # 5
Milwaukee, WI 53202
414-291-7979
Attorneys for Defendant City of Manitowoc

THOMAS C. BELLAVIA
Assistant Attorney General
Attorneys for Defendant Michael Nieskes
Post Office Box 7857
Madison, Wisconsin 53707-7857
Tel: (608) 266-8690
Email: bellaviatc@doj.state.wi.us

WILLIAM W. EHRKE
Attorneys for Defendant City of
Greenfield
CRIVELLO CARLSON, S.C.
710 North Plankinton Avenue
Milwaukee, Wisconsin 5320 3
Telephone: 414- 271-7722
Fax: 414-271-4438
E-mail: wehrke@crivellocarlson.com

/s/ John R. Monroe

–8–