IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WISCONSIN CARRY, INC.,
DAVID BERNSON,
FRANK HANNAN ROCK,
GREG PLAUTZ, and
JEFF LEIFER,

    Plaintiffs,

v.

CITY OF MILWAUKEE,
CITY OF RACINE,
CITY OF GREENFIELD,
CITY OF MANITOWOC,
MICHAEL NIESKES, in his official
capacity as District Attorney of Racine
County, Wisconsin,
KURT KEZESKE,
JESSIE METOYER, and
RICHARD PRINCE,

    Defendants.

CIVIL ACTION FILE NO.

2:10-CV-9-CNC

## PLAINTIFFS' STATEMENTS ON INTENTIONS RE PROCEEDING

On October 24, 2011, the Court entered an Order [Doc. 58] directing Plaintiffs Wisconsin Carry, Inc., Frank Hannan Rock, Greg Plautz, and Jeff Leifer (the "Remaining Plaintiffs") to file statements of their intentions to prosecute or abandon

–1–

their claims. Plaintiffs suggest that their claims have become moot as a result of legislative action and this Court has therefore lost jurisdiction to proceed.

The Amended Complaint [Doc. 18] included claims for relief in the form of damages to certain plaintiffs (Frank Hannan Rock and Dave Bernson) who now have settled those claims (the "Settled Plaintiffs"), plus declaratory and injunctive relief for both the Settled Plaintiffs and the Remaining Plaintiffs. The Settled Plaintiffs have resolved their disputes in total, so they no longer have claims pending against the Defendants.[1]

While the facts of their claims and the particular Defendants vary, the common thread among all the Remaining Plaintiffs is that their claims attacked the constitutionality of the Wisconsin Gun Free School Zone Act ("GFSZA") as applied against them by their various Defendants. In order to understand the Remaining Plaintiffs' suggestion of mootness, it is necessary to discuss GFSZA briefly.

The GFSZA, Wis. Stats. § 948.605, criminalizes the knowing possession of a firearm within 1,000 feet of a school. The GFSZA contains some exceptions, but none

---

[1] To be precise, Frank Hannan Rock settled his claims against the City of Racine and its police officers (Prince and Metoyer). Hannan Rock did not settle his claims against Defendant Michael Nieskes. Hannan Rock's claims against Nieskes sought only declaratory and injunctive relief and no damages. Hannan Rock therefore is a "Settled Plaintiff" against Racine and its officers and a "Remaining Plaintiff"

–2–

that applied generally to all law-abiding citizens such as the Remaining Plaintiffs, at least not at the time of the filing of the Amended Complaint. The Remaining Plaintiffs all were threatened with enforcement of the GFSZA against them by their corresponding Defendants. The Remaining Plaintiffs contend that enforcement of the GFSZA against them would violate their constitutional rights to keep and bear arms.[2]

2011 Wisconsin Act 35 (the "Concealed Carry Act") created an important new exception to the GFSZA. The Concealed Carry Act took effect November 1, 2011. Under the Concealed Carry Act, law-abiding citizens such as the Remaining Plaintiffs can apply for and obtain a license to carry a concealed firearm. The holder of a license is now exempt from the provisions of the GFSZA except on school property itself. Wis. Stats. § 948.605(2)(b)1r (as created by the Concealed Carry Act).

It is possible that in the future one or more of the Remaining Plaintiffs may have a claim that arises out of the inability to obtain a license, or onerous licensing requirements. For now, however, the fact remains that the Concealed Carry Act provides an ostensible avenue for all law-abiding citizens such as the Remaining Plaintiffs to carry firearms within 1,000 feet of schools. Because the Remaining

---

against Nieskes.

[2] The Remaining Plaintiffs did not challenge the GFSZA to the extent it applied to the school property itself. Rather, they contended that the 1,000-foot zone made it

–3–

Plaintiffs sought only declaratory and injunctive (i.e., future) relief against their respective Defendants for (future) enforcement of the GFSZA within those 1,000-foot zones, the Remaining Plaintiffs suggest that this Court no longer can grant them any relief. Because the Court no longer can grant the Remaining Plaintiffs any relief, the Court must dismiss their claims.

In the interest of completeness, and because one of the Defendants has sought dismissal with prejudice, the Remaining Plaintiffs will address whether dismissal should be with prejudice.

When a Court dismisses a claim for mootness/lack of standing, it does so because it has lost jurisdiction to do anything else. It cannot dismiss a case with prejudice, because to do so would mean that the court has considered the merits of the case – something a Court lacking jurisdiction cannot do. *See, e.g., American Bottom Conservancy v. United States Army Corps of Engineers,* 650 F.3d 652, 660 (7th Cir. 2011). The Remaining Plaintiffs' claims should therefore be dismissed without prejudice.

JOHN R. MONROE,

---

impossible to bear arms in any meaningful manner.

                       ___/s/ John R. Monroe_____  
                       John R. Monroe  
                       Attorney at Law  
                       9640 Coleman Road  
                       Roswell, GA 30075  
                       Telephone: (678) 362-7650  
                       Facsimile: (770) 552-9318  
                       john.monroe1@earthlink.net

                       ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on November 2, 2011, I served a copy of the foregoing on all parties or counsel of record using the ECF system.

> /s/ John R. Monroe
> John R. Monroe